No. 2286.

GREEN HILL v. A. NEWMAN.

1. PARTIES—PRACTICE—ABATEMENT.—In a suit to recover an undivided half interest in personal property situate on the ground of another, the name of the owner of the other interest was not set forth in the petition. His non-joinder as a party to the suit could not be considered on general demurrer, but if urged in proper time and manner by plea in abatement, the plea should have been sustained. Such a question can not be considered for the first time in the Supreme Court on appeal.

2. PRACTICE—CONCLUSIONS OF FACT.—When a cause is tried by the district judge, a jury being waived, his conclusions of fact, when not supported by the evidence, may be corrected on appeal with a proper assignment of errors, if a full statement of the facts in evidence be incorporated in the record. Erroneous conclusions of fact may also be corrected by motion for new trial in the court below, based on the want of evidence to sustain the findings.

3. PRACTICE IN DISTRICT COURTS—FINDINGS OF FACT.—When a district judge to whom a cause is submitted for trial on the law and facts, is requested to make findings on a material issue, he should do so. A failure to comply with such request is ground for reversal, unless it clearly appears that the evidence would have required a finding adverse to the party complaining.

4. SHERIFF'S SALE.—A sheriff's sale made under execution issued on a dormant judgment is voidable, and as to the purchaser who is a stranger to the proceeding it can not be collaterally attacked.

5. EVIDENCE. — In a suit to recover personal property purchased at execution sale under a judgment against the defendant, it is competent for the defendant to prove that the property belonged to a third person, and not to himself, when sold. Even if the defendant had declared himself the owner before sale it would not *estop him* from showing the contrary, or pass to the purchaser the title of a third person who was not a party to such declarations.

APPEAL from Washington. Tried below before the Hon. I. B. McFarland.

*Bassett* and *Muse & Muse*, for appellant: On the failure of the judge to grant appellant's motion to amend conclusions of fact, they cited Revised Statutes, article 1333; Bowman v. Watson, 6 Texas Law Review, 314 (for May 18, 1886); Thomas v. Quarles, 64 Texas, 491. In the absence of such separate conclusions of fact, etc. (as in case of the special verdict of a jury), this court

will not look to the facts in evidence to support the judgment. Kuhlman v. Medlinka, 29 Texas, 385, 390; Ledyard v. Brown, 27 Texas, 393, 406; Smith v. Warren, 60 Texas, 462, 463. On the non-joinder of parties, they cited May v. Slado, 24 Texas, 208, and 4 Kent's Commentaries, 368.

*Garrett, Searcy & Bryan,* for appellee, on non-joinder of parties, cited Sayles' Pleadings and Practice, section 7, page 59; Croft v. Rains, 10 Texas, 520; Alexander v. Gilliam, 39 Texas, 228; Hutchins v. Bacon, 46 Texas, 414; Collins v. Cook, 40 Texas, 238. That defendant could not be permitted to prove that he had no title to the property, they cited Luter v. Rose, 20 Texas, 639 and 648; Dunham v. Chatham, 21 Texas, 248; Page v. Arnim, 29 Texas, 70; Rorer on Judicial Sales, sections 843 and 849, and cases cited. That the sale could not be collaterally attacked, they cited Boggess v. Howard, 40 Texas, 153, and cases cited; Riddle v. Turner, 52 Texas, 150. As to estoppel, they cited Luter v. Rose, 20 Texas, 639 and 648; Dunham v. Chatham, 21 Texas, 248; Page v. Arnim, 29 Texas, 70; Rorer on Judicial Sales, sections 843 and 845; Cooper v. Galbraith, 3 Washington C. C., 550; O'Neal v. Duncan, 4 McCord, 246.

STAYTON, ASSOCIATE JUSTICE. This action was brought by the appellee to recover an undivided half interest in a house, mill, gin and other machinery, situated on a lot belonging to a third person, and to recover damages for its use. It is admitted that the property was placed on the lot under such circumstance as to make it personal property. The petition did not allege who was the owner of the other interest. No plea in abatement, or exception arising, the question of want of proper parties was filed, but it is now urged that the judgment rendered should be reversed for the non-joinder of the co-owner.

If such an objection had been urged at the proper time and in the proper manner it should have been sustained; but it can not be raised in this court for the first time; nor can such a question be considered under a general demurrer. (May v. Slade, 24 Texas, 205.) The petition stated a good cause of action in favor of the plaintiff against the defendant, and if the latter was content to waiver the non-joinder of some other person who ought to have been joined, the judgment can not now be reversed.

The cause was tried without a jury and the judge, at request, filed conclusions of fact and law to which exception was taken.

The defendant also moved the court to correct the conclusions of fact, suggesting in the motion what the conclusions should be, and this motion was overruled

. This is assigned as error.

If the conclusions of fact were not supported by the evidence, this matter could be corrected here, on a proper assignment of errors, if a full statement of facts be brought up, or the court below would doubtless re-examine its finding on motion for new trial, based on the insufficiency of the evidence to support the findings. Erroneous findings may be corrected in either of these methods. It is the duty of a judge trying a cause to make findings upon any material issue in a case, where requested to do so, as the findings become the basis of the judgment; and a failure to do so would be ground for reversal, unless it clearly appear that the evidence would have required, on the issue not passed upon, a finding adverse to the party complaining thot no finding was made.

As this case is presented, and in view of other matters presented in the record, we deem it necessary to inquire whether the court should have made findings other than those made.

The appellee purchased the property in controversy under an execution against the appellant. The execution, which appears to have been an original, issued on August 8, 1884, on a judgment rendered in favor of Shepard & Garrett, on February 25, 1878, and it is urged that such a purchase made at a sale under an execution would not pass title. It has been very generally held that a sale made under an execution, issued on a dormant judgment, is only voidable, and that, as to a stranger who purchases, it can not be attacked in a collateral proceeding. (Boggess v. Howard, 40 Texas, 158.)

The appellee showed no other title than that he may have acquired under the sale above referred to, and on the trial the court excluded evidence offered by the defendant to prove that he had no interest in the property at any time, and to show that the property belonged to a third person. The objection made to this evidence was that it was irrelevant, and "that the defendant was estopped to set up title in a third person by reason of the sale of the property under an execution against himself."

The plaintiff's right to recover depended upon his title. He alleged that he was owner, and the pleadings of the defendant put that matter in issue. Upon proof that the plaintiff bought the property under an execution against the defendant while he

was in possession, nothing further appearing, the plaintiff would have been entitled to a judgment; but the fact of such purchase did not preclude the defendant's proving that the property belonged to a third person, and thereby showing that the plaintiff's averment of title in himself was untrue.

The evidence should have been admitted, for there is no fact shown which would estop the defendant from proving that the property belonged to a third person. From the fifth conclusion of the court it is evident that the judge excluded the evidence on the sole ground of estoppel, as is it from the bill of exceptions.

It is claimed in the brief of counsel, that the defendant declared, before the execution sale, that he owned the property and that he therefore ought not now to be heard to deny that fact. It is not made to appear that the appellee was influenced to purchase by any such declaration; but, if it did so appear, we do not see that this would estop the defendant in this action from asserting the title of a third person for the purpose of showing that the plaintiff has no right to recover. Such declarations, if acted upon, might preclude the defendant from asserting an after acquired title, but it could not operate to pass to the purchaser the title of a third person.

The law denies a recovery of property to one whose right depends on his title to the thing the recovery of which is sought, when it is shown that the title and right to possession is in a third person, not simply because the law will not do or require a useless act to be done, but because it will not interfere with the right of a third person, even though as between the litigants the plaintiff may be shown to have the better claim. This is well illustrated by the case before us.

The plaintiff sues to recover the possession of the property, and the defendant offered to prove that the interest in the property sued for, belonged to a third person, in whose employment he was engaged in operating it.

Is the true owner to be dispossessed by dispossessing his employe, from the mere fact that the employe has declared even to the purchaser that he is the owner? Certainly not, unless the true owner has done some act which will preclude her from asserting title, and whether she has done so can be determined only in an action to which she is a party.

For the error noticed the judgment will be reversed and the cause remanded

*Reversed and remanded.*

Opinion delivered January 28, 1887.