## T. P. Young, Executor, v. State Bank of Marshall et al.

### Decided February 25, 1909.

**1.—Note—Attorney's Fees.**

In an action on a note providing for the recovery of ten percent of its amount "as collection fees," if "it is placed in the hands of an attorney for collection or suit brought on same," plaintiff cannot have judgment for such fee without alleging and proving payment or agreement to pay it to his attorneys. The contract is for indemnity, not for liquidated damages, and such contract with the attorney could not be presumed.

**2.—Charge—Error—Motion for New Trial.**

It is not necessary, in order that errors in the charge may be ground for reversal, that they be urged in support of a motion for new trial.

**3.—Interpleader—Guarantor.**

Plaintiff had no right to join as a party defendant one who was interested in the litigation only by an agreement with defendant to indemnify him against any judgment plaintiff might recover; nor, having alleged such contract to indemnify, could he introduce evidence to prove it; it was irrelevant, and, under circumstances here shown, prejudicial to defendant.

Appeal from the District Court of Harrison County. Tried below before Hon. W. C. Buford.

*Carey Abney* and *Locke & Locke,* for appellant.—The provision for collection fees is in its nature a contract of indemnity, and, in order to recover thereon, the holder of the note must both allege and prove that he has paid out, or incurred, collection expenses, and to what extent he has paid out or incurred the same. Elmore v. Rugely, 107 S. W., 151.

The error in admitting the evidence complained of was highly prejudicial to the appellant. Lone Star Brewing Co. v. Voith, 84 S. W., 1100; Harry Bros. Co. v. Brady, 86 S. W., 615; Beaumont Traction Co. v. Dilworth, 94 S. W., 352; Iverson v. McDonnell, 36 Wash., 73; Lowset v. Seattle Lumber Co., 38 Wash., 290; Stratton v. Nichols Lumber Co., 39 Wash., 323; Cosselmon v. Dunfee, 172 N. Y., 507; Sawyer v. Arnold Shoe Co., 90 Me., 369; Lipschutz v. Ross, 84 N. Y. Supp., 632; Loughlin v. Brassil, 187 N. Y., 128; Prewitt-Spurr Mfg. Co. v. Woodall, 115 Tenn., 605; Westby v. Washington Brick, Lime & Mfg. Co., 40 Wash., 289.

*F. H. Prendergast,* for appellee.—In such cases where the note is placed in the hands of an attorney, or suit is brought thereon, and where no evidence is introduced as to the value of attorney's fees, the court or jury may find what amount of fee would be reasonable. Durst v. Swift, 11 Texas, 282; Miner v. Bank, 53 Texas, 561; Yetter v. Hudson, 57 Texas, 612; Stancel v. Cleveland, 64 Texas, 666; Eakin v. Scott, 70 Texas, 443; Simmons v. Terrell, 75 Texas, 277; Brown v. Perrill, 77 Texas, 206; Kendall v. Page, 83 Texas, 132; Marrill v. Hoyt, 83 Texas, 59; Johnson v. Blanks, 68 Texas, 495; Hammon v. Willis, 62 Texas, 509; North Atchison Bank v. Gay, 21 S. W., 479; Dignowitty v. Staake, 25 S. W., 825; Sturgis Bank v. Smith, 9 Texas

Civ. App., 540; Bank v. House, 50 S. W., 1023; Elmore v. Rugely, 107 S. W., 152.

HODGES, ASSOCIATE JUSTICE.—During her lifetime Mrs. E. S. Sloan, appellant's testator, executed and delivered her promissory note in writing, payable to the order of H. C. Cates, for $593.46, due eight months after date, with interest and attorney's fees. Before maturity the note was, for a valuable consideration, transferred by Cates to the appellee bank. Cates was, at the time of taking the note, the agent of the Mutual Life Insurance Company of New York, and the note was given as part of a premium to be paid in consideration of the issuance of a certain policy of insurance by the insurance company upon the life of Mrs. Sloan. Mrs. Sloan was at the time a woman of advanced age, and the policy for which her application had been taken provided for annuities to be paid to each of her three children during their lives. The remainder of the premium of which this note was a part had been paid by Mrs. Sloan to Cates in cash, and amounted to something over $1,800. The policy was never delivered to Mrs. Sloan because of the rejection of her application by the insurance company. When the note was presented payment was refused, and upon such refusal suit was instituted by the appellee against both Mrs. Sloan and the insurance company. The latter was made a party upon the allegation that it had entered into a contract with Mrs. Sloan by which it agreed to indemnify her against any liability by reason of the execution of the note, or any judgment that might be rendered against her in any suit thereon. Before a final judgment was reached Mrs. Sloan died, and T. P. Young, the executor of her will, was made a party defendant. Thereafter upon a trial before a jury a verdict and judgment for the full amount of the note, together with interest and ten percent attorney's fees were rendered against appellant Young, a verdict in favor of the insurance company having been directed by the court. From that judgment the executor prosecutes this appeal.

One of the defenses urged in this suit was that the note was without consideration, and that the bank, through its officials, had notice of that defect. Inasmuch as this question involves an issue of fact which may again arise in another trial, and in view of the fact that the judgment must be reversed upon other grounds, we do not pass upon the assignment raising that question, preferring to rest our decision of the case upon other errors presented.

Special objection is urged by the appellant to so much of the judgment as warrants a recovery for ten percent attorneys fees in favor of the appellee. It is contended that neither the pleadings nor the evidence justified such a recovery, and that the court committed error in instructing the jury that in the event they found for the plaintiff on the note to also find for ten percent attorney's fees. That portion of the note providing for attorney's fees, or collection fees as there stated, is as follows: "In the event default is made in the payment of this note at maturity, and it is placed in the hands of an attorney for collection, or suit is brought on the same, then —— agree that an additional amount of ten percent on the principal and interest of this note shall be added to the same as collection fees." The allegations

of the petition. pertinent to this part of the note are as follows: "The full amount of said note of $593.46, with six percent interest from November 3, 1906, together with ten percent attorney's fees on the amount so obtained, is now due and is unpaid. Plaintiffs have been compelled to place said note in the hands of F. H. Prendergast, an attorney, for collection, and he has been compelled to bring suit to collect the same. Therefore the said ten percent as collection fees has accrued and is now due. Wherefore plaintiffs bring this suit and pray for judgment for $593.46, with six percent, from November 3, 1906, and ten percent on the whole amount as collection fees, against the defendant Elizabeth S. Sloan." The record does not disclose any evidence tending to show that the appellee had paid or had contracted to pay any sum as fees or expenses for collecting the note, or any fee for the employment of an attorney to prosecute this suit. The court charged the jury: "If you find for the plaintiff the amount of your verdict will be the principal and interest of said note to date and ten percent attorney's fees on same." The principles of law applicable to the issues here presented were fully discussed by this court in the case of Elmore v. Rugely, 107 S. W., 152, and in the cases there referred to. Under the rule there announced the assignments before us must be sustained. The appellee insists that our holding in that case is not in accord with the previous decisions of the Supreme Court on that question, and has called our attention to a number of cases upon which it relies. We have examined the authorities cited, but have failed to find an adjudication opposed to the conclusions reached in the case of Elmore v. Rugely. It is true there are some expressions in the earlier cases which would seem to be in harmony with the policy of treating the promise to pay attorney's fees, usually embodied in commercial paper, as liquidated damages inuring to the benefit of the holder of the note upon default of payment and the happening of the contingency upon which it is made to depend; that is, the filing of a suit or the placing of the note in the hands of an attorney for collection; but this is nowhere, so far as we have been able to find after a careful search, expressly held.

In Simmons v. Terrell, 75 Texas, 277, the question was as to whether or not attorney's fees could be collected upon a note against the estate of a decedent when presented after maturity to his executor. It was contended by the appellant in that case that the proceeding required of a creditor by our probate laws, in having his claim against an estate allowed by the administrator and approved by the Probate Court, did not come within the most comprehensive definition of a suit; and that a civil suit in the District or County Courts must be commenced by a petition, etc. In disposing of the issue, the court said that the language used in the note, and which provided for the payment of the ten percent attorney's fees additional, in case of suit after maturity to enforce collection, should not be restricted to a suit in equity or an action at law. In that case it appeared from the record that an attorney was employed for the purpose of presenting the claim for collection. The only question before the court was, whether or not the record disclosed the institution of a suit within the mean-

ing of the language used in the note providing for the payment of attorney's fees.

Morrill v. Hoyt, 83 Texas, 59, presented a situation similar to the above. There the note had been executed by a person who afterwards became insane, and suit was brought against his guardian. In his answer the defendant admitted the facts stated, but denied any obligation for attorney's fees, on the ground that legal proceedings had not been instituted for the collection of the claim. In disposing of the case the court said: "The sole question for our consideration is, Did the steps taken by the plaintiff—viz., the putting of the claim past due against the estate of the lunatic into the hands of an attorney who properly proved it up and presented it for allowance to the guardian of the estate—constitute the institution of legal proceedings for the collection of the amount due on the claim?" This question was decided in accordance with the case just previously cited.

Kendall v. Page, 83 Texas, 132, was a suit upon a promissory note containing the usual stipulation to pay attorney's fees. In that case the court states the error assigned as follows: "At the date of rendition of judgment herein the total sum due plaintiff—principal, interest and attorney's fees—was $120.34, as shown by the plaintiff's petition and the record in said cause; whereas judgment is rendered in plaintiff's favor for $319.45, which is $199.11 more than was due. The petition sets out the note sued upon, and the credit and the balance as above stated is shown by calculation." It is evident that the sole question before the court in that case was, whether or not the attorney's fees had been computed upon too large an amount; the appellant contending that it had, and the appellee to the contrary. That was the only question decided.

Brown v. Perrill, 77 Texas, 206, was a contest between the wife and the creditors of the husband, she claiming her debt was entitled to priority over the indebtedness claimed by the appellant in this suit. The note by which the debt to the wife was evidenced provided for the payment of attorney's fees in the usual form. Upon appeal the appellant complained that the court erred in instructing the jury, in the event they found for plaintiff, to find for her attorney's fees, together with the principal and interest on the note. The court said: "The note stipulated that the makers should pay attorney's fees in the event suit should be brought for the recovery of the debt. Upon the institution of suit they became a part of the indebtedness. They were set up in the petition and included in the amount for which the writ of attachment issued. Why the plaintiff was not entitled to recover them, if she recovered at all, we do not see." The record does not disclose upon what ground the collection of the attorney's fees by the wife was resisted, neither does it show the nature of the pleadings or the character of the testimony upon which the ruling of the court was made to depend.

Johnson v. Blanks, 68 Texas, 495, was a garnishment proceeding. The only question there adjudicated which would have any remote bearing upon the issues in this case, was the determination by the court that the trial court might, without the aid of extraneous evi-

dence, determine for itself what was a reasonable attorney's fee to be allowed the garnishee for the preparation of his answer. We do not think that is decisive of any issue here under consideration.

Stansell v. Cleveland, 64 Texas, 660, was an attachment suit. The note sued on provided for ten percent attorney's fees if it should be collected by law. The court held in that case that none of the objections based upon the allowance of attorney's fees were well taken, and said: "These fees were to become a part of the debt in case of suit, and are expressly claimed in the petition. The answer admitted all of the indebtedness alleged in the petition, which included these fees. It matters not that the suit was instituted before the debt was due. The debt was not paid at maturity, and this authorized the plaintiffs to proceed to judgment upon the note, and that authorized the collection of the attorney's fees. The language of the note is that these fees are to be paid if the note is collected by law, and that note was so collected." This is by far the strongest expression tending to sustain the position taken by counsel for appellee which we have found emanating from our Supreme Court; but, as will be seen later, the language here used has since been criticised, and the principle announced questioned.

In none of these cases do we find the direct question involved which is here under consideration, unless it may have been in the case last mentioned. It is the general practice of appellate courts to confine their attention, not only to the particular errors assigned, but to the reasons urged in the accompanying propositions and argument, and if these are considered untenable, and no fundamental error is apparent, the assignment will be overruled. In view of that practice the mere failure of the court to discover and point out other objections to the ruling brought under consideration should not be construed as approving it in all other respects. The real value of former adjudications as precedents is usually confined to the issue directly involved in the enunciation of the legal principles by which it is determined. If the doctrine that stipulations usually inserted in commercial obligations and other contracts are to be construed as liquidated damages inuring to the benefit of the holder upon the happening of the contingency mentioned finds any support in the cases heretofore decided by the Supreme Court of this State, it must rest upon an inference drawn from the failure to hold otherwise. That court, so far as we have been able to ascertain, has never expressly so held. It is only its failure to hold to the contrary which can furnish any foundation for the contention that it recognizes the doctrine in this State. But, as we shall see later, there are some significant expressions which indicate an opposite view. However valuable may be precedents in the determination of issues, conclusions are always more satisfactory when they can be based upon principle as well. The classification of the usual stipulations to pay attorney's fees as contracts of indemnity is, we think, decisive of the question here involved. This construction is not only supported by a sound legal principle, but is in accord with a large number of authorities. Laning v. Iron City Nat'l Bank, 89 Texas, 601; Elmore v. Rugely, supra, and cases cited; Goss v. Bowen, 104 Ind., 207; Harvey v. Baldwin, 124 Ind., 59; Kennedy v. Rich-

ardson, 70 Ind., 524; Exchange Bank v. Apalachian Lumber & Land Co., 128 N. C., 193; Tinsley v. Hoskins, 111 N. C., 340; Bullock v. Taylor, 39 Mich., 137; Dow v. Updike, 11 Neb. 95; Campbell v. Worman, 58 Minn., 561; Johnston Harvester Co. v. Clark, 30 Minn., 308; Kittermaster v. Brossard, 105 Mich., 219, 55 Am. St. Rep., 438, and cases cited in the notes.

In the case first above cited the Supreme Court, in replying to the question, "Did the trial court err in directing the jury to allow the plaintiff ten percent additional on the principal and interest due on the note as attorney's fees?" used this language: "Attorney's fees, whether expressed as such or as costs of collection, are regarded as costs of the suit, and agreements to pay them are sustained by the courts upon that ground. The legitimate purpose of such a promise is to indemnify the payee or holder of the note for expenses which he may incur by default of the maker which would not be allowed to him by law. Under the terms of the note in this case the maker agreed to pay attorney's fees in case it should be placed in the hands of an attorney for collection. Under that agreement he would become liable to pay such costs if his default in making payment, or some other act of his, made it necessary for the holder to place it in the hands of an attorney for collection." In this case the court also referred to the case of Stansill v. Cleveland, supra, in which it said the plaintiff was entitled to recover attorney's fees under circumstances somewhat similar to the case then pending, and said: "We doubt the correctness of the decision in that case, unless it be put upon the ground that the pleadings of the defendants amounted to a confession of their indebtedness not only for the principal and interest of the debt sued for, but for the attorney fees also."

In Maddox v. Craig, 80 Texas, 600; the court held that a petition which failed to allege that the note containing the usual stipulation for the payment of attorney's fees was placed in the hands of an attorney for collection, would not support a judgment by default for such attorney's fees. If such stipulations are contracts of indemnity, then actual damages alone can be recovered, and suit for that purpose should be prosecuted in accordance with the rules of pleading and practice applicable to that class of actions. In such cases it is required that the damages sought should be both alleged and proven. Johnson v. Cook, 24 Wash., 474; O'Keefe v. Dyer, 20 Mont., 477; 2 Page on Contracts, section 1170; 3 Ency. of Plead. and Prac., 648; Elder v. Kutner, 97 Cal., 490. To hold that the plaintiff in an action to recover on a note providing for attorney's fees in the usual form should be permitted to do less, would open a wide avenue for the entrance of numerous and varied devices for oppressive exactions by creditors which our laws against usury are intended to prevent. In the present case the petition alleges the default in the payment of the note, and that it was placed in the hands of an attorney for collection, and not only fails to allege any damages in general terms, but also fails to state the existence of any conditions, specific or otherwise, from which the law would presume more than nominal damages. These allegations alone might be sufficient if the stipulation for the payment of attorney's fees is to be construed as a contract for liqui-

dated damages, but not when it is to be treated as one for indemnity. The mere placing of the note or obligation does not of itself damnify the holder, and the allegation and proof of that fact alone fails to furnish the court with either a basis or evidence upon which to found a judgment for actual damages sustained. The holder can not say that he has sustained any damages which he may recover in such a suit till he alleges and proves that he has paid, or contracted to pay, the attorney's or collection fees; and the amount he has paid or agreed to pay measures the damages for which he may demand reimbursement, provided it does not exceed the terms of the contract or is not an unreasonable sum. In the case at bar no effort seems to have been made to prove the amount of fees paid or agreed to be paid the attorney for his services in bringing this suit further than the introduction in evidence of the note sued on. Counsel for appellee contends that this is sufficient to authorize a finding of a fixed sum as attorney's fees; that the court should infer from the introduction of the note that the full amount of the fees expressed therein had been agreed upon between the holder and the attorney. We do not think so. The custom of contracting for the full amount of the attorney's fees stipulated is not so uniformly established in this country that courts may, under all circumstances, judicially assume that to have been done. The note was evidence of its making and of the terms of the contract therein expressed, but not of the damages resulting from its being sued on or placed for collection. While the court may, in some instances, judicially know what is a reasonable attorney's fee for the performance of a given service, it can not judicially know what the contract between the plaintiff and his attorney in any particular case may be. The issue of a reasonable fee is not involved, but the question is, what was the fee which the appellee paid, or agreed to pay, its attorney in this case? There are probably many instances in which attorneys are retained by banking institutions and others engaged in an extensive commercial business, as salaried employes, who receive their compensation by the month or year, regardless of the amount of work performed. There are perhaps other instances where suits are brought upon a contract providing for a contingent fee, in which the plaintiff assumes no personal obligation under any circumstances to pay the costs of an attorney. There are still others where the attorney's or collection fees may for special reasons be fixed at a sum less than the amount stipulated as attorney's fees in the note, possibly in consideration of the attorney's receiving all of the business of the holder. In view of these varied conditions, the court could not undertake to say as a matter of law that the parties in this suit had agreed upon the ten percent expressed in the note as the compensation to be received by the attorney for his services. We therefore think there was error in the charge of the court complained of. The fact that the error was not called to the attention of the trial court in the motion for a new trial does not defeat the right of the appellant to have it reviewed on appeal. It is only those matters upon which the court has not passed during the progress of the proceedings in the trial which the law requires to be presented in motions for new trials in order to

be made available upon appeal. Western U. Tel. Co. v. Mitchell, 89 Texas, 441.

However, we should not feel inclined to reverse and remand this case for this error alone, inasmuch as it might be cured by the appellee's filing a remittitur of the attorney's fees should it feel inclined to do so. But there is another error which we think equally serious, and which will require that the case be remanded. The appellee was permitted, over the objection of the appellant, to show by the witness Cary Abney that there was an agreement between Mrs. Sloan and the insurance company by which she was to be protected, and the company was to pay any judgment that might be rendered against her in this suit; that the agreement was made with an agent of the company at the time he had paid her $1,838 in cash for money that she had formerly paid to Cates in connection with her application for insurance and in addition to the note here sued on; and that the company was to defend the suit for her, as it did not think the bank was an innocent purchaser. The pleading relied upon to support the relevancy of this testimony was that portion of the appellee's petition alleging such an agreement. Such pleading was the allegation of immaterial facts, and could form no basis for the admission of testimony wholly irrelevant to any issue in the case. The allegations did not show that the insurance company was a proper or a necessary party to this suit. Holloway v. Blumm, 60 Texas, 626; U. S. Fidelity & Guaranty Co. v. Fossati, 97 Texas, 497.

In the case last cited the court said: "Indeed, the existence of the right of the defendant in all cases to implead other parties who might become liable to him as the result of a judgment against him regardless of other considerations had been expressly negatived." That was a suit in which an effort was made to bring in the indemnitors of the defendant in the suit and make them parties to the proceedings. This right to make them such parties was denied.

While the demurrers interposed in this case by the insurance company to the pleadings of the plaintiff should have been sustained, the error arising from the failure to do so was, as to the insurance company, rendered harmless by the instructed verdict in its favor; but the erroneous retention of irrelevant matter in the petition could not justify the admission of the irrelevant testimony to support it. This testimony, we think, was calculated to, and probably did, operate prejudicially to the appellant. It in effect informed the jury that there was behind the defendant in the suit a large foreign corporation whose agent had perpetrated the fraud which brought about the litigation, and that the corporation would protect Mrs. Sloan's estate against whatever judgment might be rendered against her in this suit. That the jury was influenced by that consideration is rendered exceedingly probable by the question which they asked the court after their retirement and before reaching a verdict. That question was: "If we find a verdict in favor of the plaintiff, does that prevent the Sloan estate from proceeding against the insurance company?" In reply to this the court instructed the jury, "that the matters for adjustment, if any, between Mrs. Sloan's estate and the insurance company, are not before you, but your verdict will be made under the evidence and the

law as set forth in the charge heretofore given you." It is true that this instruction on the part of the court in one sense informed the jury that this issue was not involved in the considerations which should engage their attention, but they were left to surmise why they could not rest their verdict upon an issue to support which the court had admitted the testimony of Abney, and which testimony could have no other relevancy. They had a right to assume, even after the last instruction of the court, that they could consider testimony which the court had admitted in determining the only issue it would tend to prove, that the defendant in the suit was indemnified by the insurance company against any verdict which they might find against him. If their verdict was based in whole or in part upon such consideration, then it was improperly influenced.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*