## AMERICAN AUTOMOBILE INS. CO. v. CONE et al. (No. 7.)

(Court of Civil Appeals of Texas. Waco. Nov. 22, 1923.)

**1. Appeal and error ⬤═187(2), 193(2)—Misjoinder is waived by failure to object at trial.**

A defendant waived misjoinder of parties and causes of action by failure to present the question to the trial court, precluding consideration of question on appeal.

**2. Appeal and error ⬤═193(9)—Failure to state cause of action considered though not presented below.**

The failure of a pleading to state a cause of action is fundamental error apparent on the face of the record, and will be considered by the Court of Civil Appeals though general demurrer was not presented to or acted upon by the trial court.

**3. Insurance ⬤═514—Policy held a contract of indemnity alone.**

Policy whereby insurer "does hereby insure the assured * * * against direct loss or expense arising or resulting from claims upon the assured for damages by reason of the ownership, maintenance, manipulation or use of" the described automobile, to amount specified in policy, *held* a policy against loss or expense based upon the claims of third persons, and not a policy indemnifying against liability for loss or expense, or a policy insuring the assured against bodily injury, or both, or the automobile against injury, theft, fire, or loss.

**4. Insurance ⬤═591½—Injured person held not beneficiary of automobile indemnity policy.**

Provision of automobile indemnity policy making the insurance "inure to the benefit of any person except chauffeurs or domestic servants riding in" the described automobile, "as well as to the benefit of any person, firm or corporation responsible for the operation of said automobile while said automobile is being used with the express or implied consent of the assured named in the policy, or of an adult member of assured's household, and who is not a chauffeur or domestic servant," *held* not to make person injured because of negligent operation by insured a beneficiary.

Error from District Court, Limestone County; A. M. Blackmon, Judge.

Suit by Fannye Moore against the American Automobile Insurance Company and Ben F. Cone, in which defendant Cone filed a cross-action against defendant Insurance Company. Judgment for plaintiff against both defendants, and judgment for defendant Cone against defendant Insurance Company, and defendant Insurance Company brings error. Judgment for plaintiff against defendant Cone affirmed; judgment for plaintiff against defendant Insurance Company and judgment of defendant Cone against defendant Insurance Company reversed, with directions.

Etheridge, McCormick & Bromberg, of Dallas, for plaintiff in error

Williams & Williams, of Waco, and J. E. Bradley, E. G. Lloyd, Jr., and Lewis M. Seay, all of Groesbeck, for defendants in error.

SPIVEY, J. Miss Fannye Moore, one of the defendants in error, brought this suit against Ben F. Cone, the other defendant in error, and against the plaintiff in error, to recover for personal injuries and consequent suffering sustained by her in an automobile accident caused by the overturning of an automobile owned and driven by Ben F. Cone.

It appears from plaintiff's petition that she was a guest in the car, along with others; that the accident occurred just at the time of reaching a sharp turn in the highway where it crossed from one side of a railroad to the other, and that defendant Cone approached this turn at such a high rate of speed, to wit, 40 miles per hour, that he was not able to make the turn and in consequence the car ran into a ditch at the side of the road and overturned. The plaintiff alleged the acts constituting negligence on the part of Cone and the injuries sustained by her as a consequence, and prayed judgment against him in the sum of $10,000, and for certain enumerated expenses and lost time aggregating $1,050 additional, and against plaintiff in error for $5,000 thereof, and for costs of suit against both.

As cause of action against the plaintiff in error (hereinafter called insurance company), she alleged that at the time of the above accident defendant Cone held an insurance policy in the insurance company, which was attached to and made a part of her petition, in and by which defendant Cone was "insured and protected against any loss by reason of accident or injuries described in said policy as a result of the driving or operation or manipulation" of the automobile; "that the provisions and terms of the policy inured to the benefit of injured persons covered by said policy, and that the above-described accident and injuries are included and covered by the provisions of said policy;" and that by reason of the issuance of said policy and the facts stated in her petition, the insurance company became liable to plaintiff in the sum of $5,000, that being the maximum limit of the policy under the given facts. She also alleged that the defendant Cone was insolvent and had no property or effects out of which a judgment could be made.

The policy in question contained, among other provisions, the following in substance:

That the insurance company, in consideration of the premium, and of the statements set forth in schedule of statements, "does

hereby insure the assured named and described in the schedule of statements" (this was defendant Cone), for the time specified, "against direct loss or expense arising or resulting from claims upon the assured for damages by reason of the ownership, maintenance, manipulation or use of" the described automobile, to an amount specified in the policy—

"if such claims are made on account of: (A) Bodily injuries or death accidentally suffered or alleged to be suffered by any person or persons, excluding any employee of the assured while engaged within the scope of his employment, as the result of an accident occurring while this policy is in force * * * and in addition to the above, the company does hereby agree:

"Investigation and Defense.    (B) To investigate all accidents covered by this policy, and to defend, in the name and on behalf of the assured any suit brought against the assured to enforce a claim, whether groundless or not, for damages suffered or alleged to have been suffered on account of the bodily injuries or death above set forth; and (C) to pay all costs taxed against the assured in any legal proceeding against the assured which is defended by the company in accordance with the foregoing agreement, and to pay interest accruing upon any judgment rendered in connection therewith; and (D) to pay for such first medical aid as shall be imperative at the time of any accident on account of which claim could be made under this section of this policy.

"Family and Friends.    (E) That any insurance granted hereunder shall, in addition to the named assured, inure to the benefit of any person, except chauffeurs and domestic servants, riding in" the described automobile, "as well as to the benefit of any person, firm or corporation responsible for the operation of said automobile while said automobile is being used with the express or implied consent of the assured named in the policy or of an adult member of the said assured's household who is not a chauffeur or domestic servant."

"This policy is issued by the company subject to the following conditions, limitations and agreements, which are a part of the policy, and to which assured by the acceptance of this policy agrees."

The policy then provides the maximum amount payable in case of injury to one person, and maximum amount payable in case more than one person is injured in any one accident, and in addition thereto costs, interest, and medical aid above mentioned; and that the company shall not be liable if the automobile is being used under certain enumerated circumstances and places, not necessary to here name; and that:

"(3) Upon the occurrence of any loss or accident covered hereunder, the assured shall give immediate written notice to the company at its home office in St. Louis, Missouri, or to its authorized agent, with the fullest information obtainable at the time. If a claim is made on account of such accident, the assured shall give like notice thereof immediately after such claim is made, with full particulars. If thereafter any suit is brought against the assured to enforce such claim, the assured shall immediately forward to the company every summons or other process as soon as the same shall have been served. Whenever requested by the company, the assured shall aid in effecting settlement, securing information and evidence, the attendance of witnesses, and in prosecuting appeals, and at all times render all possible co-operation and assistance. The assured shall not voluntarily assume any liability or interfere in any negotiations for settlement or in any legal proceeding or incur any expense or settle any claim, except at assured's own cost, without the written consent of the company previously given. The company reserves the right to settle any such claim or suit brought against the assured."

"(4) No action shall lie against the company for any loss or expense under this policy, except for such loss or expense as assured shall have actually sustained and paid in money after actual trial of the issue. * * * *"

The policy also contains other clauses not necessary to mention.

The defendant Cone filed answer to plaintiff's petition containing general demurrer and general denial, and by way of cross-action against the insurance company he set up the policy attached to plaintiff's petition, and alleged that he was thereby insured against loss or expense by reason of damages arising from the ownership, manipulation, or use of the automobile in question, and that the accident described in plaintiff's petition and the person injured are those covered by said policy, and that under said policy the insurance company is liable to the extent of $5,000 of such damages as are claimed by plaintiff in the event of recovery by plaintiff against him; also, that under said policy the insurance company obligated itself to defend in the name of the assured all suits against the assured and to pay all costs of court. He therefore prayed that the insurance company be required to defend the suit for him, and, in the event plaintiff recovered of him, that he recover over against the insurance company.

The insurance company, in reply to plaintiff's petition, filed exceptions raising the issue of misjoinder of parties and of causes of action, and also filed plea to the same effect. The exceptions and plea were overruled, and it duly excepted. It also, at the proper time, demurred generally to plaintiff's petition and the demurrer was likewise overruled, and exception reserved.

It is to be noted that the above-mentioned exception and plea in abatement and general demurrer were addressed to plaintiff's petition. As to the cross-action against the insurance company it raised the question of misjoinder of parties and causes of action by proper exception and also by general demurrer. The exception addressed to the cross-action for misjoinder and the general demurrer addressed to it do not appear to

have been presented to or acted upon by the court, but both are presented here.

Upon trial before the court, judgment was rendered in favor of plaintiff against the defendant Cone and the insurance company jointly for the sum of $5,000, that being the limit provided in the policy, and in favor of the plaintiff against the defendant Cone alone for an additional sum, as damages sustained by the plaintiff; and judgment was also rendered on defendant Cone's cross-action against the insurance company for the above amount of $5,000, and it was provided that as to this amount execution should first issue against the insurance company before being issued against the defendant Cone.

The insurance company here relies upon its contention of misjoinder of parties and of causes of action and upon its general demurrers with reference to both the plaintiff's cause of action against it and with reference to the cross-action of defendant Cone against it.

[1] The plea of misjoinder of parties and causes of action in so far as same is addressed to the cross-action, not having been presented to or acted upon by the trial court, and the same involving a right which can be waived or abandoned, and not being fundamental, must here be deemed to have been waived by the insurance company and cannot now be considered. Hill v. Newman, 67 Tex. 265, 3 S. W. 271; Kemendo v. Fruit Dispatch Co., 61 Tex. Civ. App. 631, 131 S. W. 73.

[2] As said above, the general demurrer to the cross-action does not appear to have been presented to or acted upon by the trial court. Still, the failure of a pleading to state a cause of action is fundamental error, apparent on the face of the record, and therefore requires notice by us. Milner v. Brewer (Tex. Civ. App.) 188 S. W. 49; Suhre v. Kott (Tex. Civ. App.) 193 S. W. 417; Barkley v. Gibbs (Tex. Com. App.) 227 S. W. 1099; Barcus v. Case Mach. Co. (Tex. Civ. App.) 197 S. W. 478; McCoy v. Wichita Falls Motor Co. (Tex. Civ. App.) 207 S. W. 332; Richardson v. Terry (Tex. Civ. App.) 212 S. W. 523; Dingman v. Pahl (Tex. Civ. App.) 226 S. W. 446.

[3] The policy is a contract of indemnity against loss and expense, as distinguished from a policy indemnifying against liability for loss or expense, and in such policies as this it has been generally held that liability of the insurance company does not attach until the assured has actually sustained and paid the loss after judgment rendered therefor; whereas, in policies indemnifying against liability for loss, liability attaches as soon as the assured becomes potentially liable for a loss by reason of the happening of some event covered by the policy which has created possible liability against the assured, and that compliance with its terms under the character of pol-

icy here involved, as to payment of the loss after judgment, is made a condition precedent to any right of action on the policy, and that no right of action upon the policy exists in favor of an injured person, and that this is so held regardless of whether the assured is or has become insolvent since the accident or before or after judgment has been obtained against the assured by the injured person. Texas Short Line Ry. v. Waymire (Tex. Civ. App.) 89 S. W. 452; Owens v. Jackson (Tex. Civ. App.) 217 S. W. 762; Young v. State Bank of Marshall, 54 Tex. Civ. App. 206, 117 S. W. 476; Fidelity & Casualty Co. v. Martin, 163 Ky. 12, 173 S. W. 307, L. R. A. 1917F, 924, and note; Clark v. Bonsal, 157 N. C. 270, 72 S. E. 954, 48 L. R. A. (N. S.) 191; Embler v. Hartford, etc., Co., 158 N. Y. 431, 53 N. E. 212, 44 L. R. A. 512; Carter v. Ætna Life Ins. Co., 76 Kan. 275, 91 Pac. 178, 11 L. R. A. (N. S.) 1155; Travelers' Ins. Co. v. Moses, 63 N. J. Eq. 260, 49 Atl. 720, 92 Am. St. Rep. 663; Puget Sound, etc., Co. v. Frankfort, etc., Co., 52 Wash. 124, 100 Pac. 190; Ford v. Ætna Life Ins. Co., 70 Wash. 29, 126 Pac. 69; Bain v. Atkins, 181 Mass. 240, 63 N. E. 414, 57 L. R. A. 791, 92 Am. St. Rep. 411; Frye v. Bath, etc., Co., 97 Me. 241, 54 Atl. 395, 59 L. R. A. 444, 94 Am. St. Rep. 500; Allen v. Ætna Life Ins. Co., 145 Fed. 881, 76 C. C. A. 265, 7 L. R. A. (N. S.) 958, and note.

In addition to the above authorities, we note that the case of American Automobile Insurance Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534, is cited by both appellant and appellee. The provisions of the policy in that case are not shown in the opinion; but statements are made that the policy bound the company to pay for any damages incurred by the assured up to a certain amount, and that—

"Under the clear provisions of the policy in this case it operated for the benefit of any injured person, and appellee [the injured person] was authorized to sue the insurance company."

Writ of error was denied.

There has been furnished to us, and which was used in the oral argument herein, a certified copy of the ordinance and the bond or policy in the Struwe Case, supra, as taken from the record therein. From these it appears that the ordinance provided for the licensing of certain public service automobiles and requiring that they give bond, payable to the mayor of San Antonio and his successors in office, "for the benefit of every person injured * * * or will well and truly pay directly to any such person * * * any amount * * * that may be awarded by final judgment * * * against such licensee on account of any such injury," not exceeding a certain amount. The bond or policy refers to the above-mentioned ordinance and in terms obligated the insurance company "to

pay directly to any person so injured * * * any amount or amounts which may be awarded by any final judgment * * * on account of such injuries against the assured herein," not exceeding a certain amount, and also provided that—

"This policy shall operate for the benefit of any persons injured in person or property, as specified in the ordinances of the city of San Antonio, Texas, above recited; and all such persons shall be considered and are beneficiaries under this contract; and may institute and maintain suit, prosecute and enforce judgment under this policy in their own names and for their own benefit, as if they were actual parties hereto."

In Kerbow v. Wooldridge (Tex. Civ. App.) 184 S. W. 746, cited by appellee, the condition of the bond was that the principal obligor should pay for all lumber and material to be used in the construction of a schoolhouse, and that, in the event of failure to do so, the laborers and materialmen should have a right of action on the bond. It was therefore held that a materialman could sue on the bond.

In Royal Indemnity Co. v. Schwartz (Tex. Civ. App.) 172 S. W. 581, the suit was to recover attorney's fees expended by the assured because the company had refused to defend, and they were held recoverable without previous suit. In deciding the matter, however, the court refers to the fact that liability for the death of the child was not an issue.

We do not think the case of Philadelphia Underwriters v. Railway Company, 31 Tex. Civ. App. 104, 71 S. W. 419, in which writ of error was denied, is in conflict with the cases of Owens v. Jackson and Texas Short Line Ry. v. Waymire, supra. It was provided in the policy in the Philadelphia Underwriters Case that the insurance company on payment of the loss should be subrogated to all rights of recovery of the assured. The fire was caused by the negligence of another railroad company, and the insurance company accordingly impleaded it. The policy was one indemnifying against loss. The impleaded defendant contended, among other things, that right of subrogation did not accrue and could not accrue until the insurance company should have actually paid the loss to the assured. It is to be noted that no time or other condition is fixed when subrogation shall take place, except upon payment. Accordingly the insurer and the assured could have settled at any time, and upon such payment the insurer would have been subrogated to the rights of the assured against the offending company, whether before or after judgment, and, pursuant to the agreement manifested by the policy, the judgment provided that execution should not issue against the offending company until the insurance company shall have paid the judgment, and the insurance company and the assured had an agreement (the terms of the policy) that, if the insurer was required to pay a loss, it should thereby be subrogated to all rights of the assured as against one who had caused the loss. It may be that the assured could have objected to the insurer impleading the negligent defendant and could have claimed that under the contract the insurance company was not then entitled to subrogation, or to litigate in plaintiff's suit with the one who had caused the loss, until the plaintiff had been paid; and likewise the assured could have waived this and permitted the issue to be litigated in its suit. But could one not a party to that contract make the same objections? The negligent defendant had no contract with any one. If it was liable to the plaintiff on account of its negligence, it would owe the money as soon as the liability to that effect and the amount should be established. It had not provided that no action should be brought against it until payment was made, as is provided in the case at bar. There was no contractual relation under which it could make the objection which it made. No objection was made by the negligent defendant that the suit of the insurance company against it and the litigation of the issues between the two would be calculated to consume too much time or tend to confuse the jury and thereby hinder instead of promote the proper administration of the law, as was made in the case of Buckholts State Bank v. Thallman (Tex. Civ. App.) 196 S. W. 687, even if that objection could be said to be good. Also, both the claim of the plaintiff against the insurance company and the loss claimed against the impleaded defendant grew out of the same transaction —the negligence of the impleaded defendant causing the fire and loss—and were so connected that they could be conveniently and properly tried together (Paul v. Sweeney [Tex. Civ. App.] 188 S. W. 525); nor that the suits of the plaintiff and the cross-plaintiff did not depend upon the same evidence (Adams v. Bank [Tex. Civ. App.] 178 S. W. 993).

The policy here involved, considered as between the insurance company and the named assured, Ben F. Cone, was a contract between these two by which the insurance company insured Ben F. Cone against direct loss or expense resulting from claims upon him for damages by reason of the manipulation or use of the automobile in question, if such claims are made on account of bodily injuries suffered by any person (excluding employees of the assured while engaged within the scope of his employment) as the result of an accident.

The policy does not possess the general features of an accident policy which insures against bodily injury or death suffered by the assured; neither can it be said to be a policy insuring the automobile from injury, theft, fire, or loss from other similar caus-

es; neither does it insure Cone against bodily injury or death suffered by himself. This is made manifest by the provision above mentioned with respect to claims being made upon him, and by clause B, in which the company agrees to investigate all accidents covered by the policy and to defend in the name and on behalf of the assured any suit brought against him to enforce a claim for damages suffered on account of the above-mentioned injuries, and also by clause C, in which the company agrees to pay costs taxed against the assured under certain conditions, in any legal proceeding brought against him, and to pay the judgment rendered against him under certain conditions, and by the provision in paragraph 3, providing for notice to the insurance company of any claim made on the assured, and that if any suit is brought against the assured, the summons therein shall be forwarded to the company, and that the assured shall aid and assist in any litigation or in effecting settlement of any claim, etc., and by clause 4, providing that no action shall lie against the company for any loss or expense except for such as the assured shall have actually sustained and paid in money after actual trial of the issue. But the policy when read as a whole, clearly, we think, was intended to insure Cone against direct loss or expense, which loss or expense should be based upon the claims of third persons made upon him for injuries sustained by such third persons as a result of the negligent operation or use of the automobile in question, and such loss and expense are required to be manifested and proven by a trial and judgment rendered against Cone before any liability should attach to the insurer. Such trial would determine who was negligent, if any one, and whether such negligence caused the injury, and whether the plaintiff was injured and to what extent, and whether the accident or happening causing the injury was one covered by the policy. In short, such trial would determine the liability of Cone and the amount of it.

Under the terms of the policy, the plaintiff's petition states a good cause of action against defendant Cone. But, in order for plaintiff to have a cause of action against the insurance company, she must show either that she was privy to the contract or that the policy was taken out for her benefit within the meaning of the law, or that the policy, by its terms and provisions, gave her the right to sue the insurer and to recover from it her damages sustained in the manner stated in her petition. She was a guest in the car and had nothing to do with the operation of it, but claims in effect that under the provisions of clause E she was made a beneficiary in the policy, and such beneficiary as that she could recover of the insurance company for injuries sustained under the circumstances stated by her.

[4] We think clause E made her a beneficiary in the sense that if she had been responsible for the operation of the automobile at the time of the accident, and some other person than herself had been injured while she was thus responsible, she would have been liable to possible recovery of damages against herself, dependent upon negligence on her part while so responsible, and that it was only in this sense and under these circumstances that she was intended or could be said to be a beneficiary.

We think we can correctly state that it is a matter of common knowledge that, when an accident occurs and a third person is injured by an automobile or other vehicle in which a number of persons are riding, it is not unusual for the injured person to sue all those riding in the vehicle, alleging that they committed the tort, and then leave to a development of the facts upon trial the determination of the issue as to which one or ones are the wrongdoers. In such suit, either she or Cone, or whoever was responsible for the manipulation of the car, would be liable to the injured party, according to which one or ones were guilty of negligence, and should such an accident occur, and should either the plaintiff or Cone be sued because of it, she, or we take it Cone in her stead, upon having complied with precedent conditions, and having paid the judgment where that is required, could then call upon the insurance company for reimbursement to the extent of the amount provided in the policy.

It is the same insurance given to Cone that is given to plaintiff in clause E by the expression "that any insurance granted hereunder shall, in addition to the named assured, inure to the benefit of" a person who was a guest in the car, as the plaintiff was, and the "insurance granted" to Cone, was against direct loss and expense resulting from claims made upon him for damages by reason of the manipulation or use of the car, if such claims are made on account of bodily injuries suffered by certain designated persons. If the name of the plaintiff should be read into the policy, then the insurance granted to her was against direct loss or expense resulting from claims made upon her for damages arising from the manipulation or use of the automobile, if such claims are made on account of bodily injuries suffered by certain designated persons. And under this construction of the policy, if Cone could not claim the benefit of the policy, neither could the plaintiff.

This view of the policy is further strengthened by the provisions of clause E, which, after providing that the insurance herein granted shall inure to the benefit of the plaintiff, also provides that the same insur-

ance shall inure as well to any person, firm, or corporation responsible for the operation of the automobile under certain circumstances. The plaintiff and other persons riding in the car might not be responsible for its manipulation by reason of having no control over it, and yet they, because of the reason above given, were included in the policy as beneficiaries to the extent that, if they were sued because of any accident and should comply with its terms as to giving notice, the insurance company might be made responsible for any judgment suffered by her and thereafter actually paid. And in the same connection it was provided that the insurance granted would likewise inure to the benefit of any person, firm or corporation responsible for the manipulation of the automobile. If the person responsible for the manipulation of the automobile should be injured, he would not be included within the insurance granted, because he would occupy more nearly, if not entirely, the position of Cone. He could not make claim against himself, nor sue himself, nor procure and pay a judgment against himself. The policy contemplates that the assured must be liable to the injured person and that this liability must be established by a judgment rendered against the insured and paid, before the insurance company can be held liable. And these results could not come into existence unless negligence should be established against the person operating the automobile, and this negligence could not exist in favor of the person injured who was at the same time responsible for the operation of the automobile.

We can conceive that all members of a firm might be responsible for the operation of a car, but it is hardly probable that all would be injured in the same accident; and, if so responsible and the insurance company agreed to reimburse them, the policy would hardly have used the word "firm," except to mean this, and this only, that if such firm, being responsible for the operation of the car, should injure any person through negligence, the policy would cover it. Certainly this is the correct interpretation of the policy when it is borne in mind that corporations, who cannot be said to receive bodily injury, are given the same insurance or protection as is the plaintiff.

Again, the plaintiff and her rights under clause E are given in the same connection as is the limitation that the "insurance granted" shall not inure to chauffeurs and domestic servants riding in the automobile. As we construe the policy, these two classes of persons, in case of injury caused by the negligence of the assured, would have a cause of action against him; yet, should they be sued by a third person and recovery had against them, they could not call upon the insurance company to respond, because they are excluded in and by the same clause in which plaintiff is included.

We have examined the cases cited by the respective parties, as well as many others bearing upon the subject, but we have not found any case supporting the plaintiff's contention herein which we are willing to follow. If the plaintiff should claim recovery by reason of the fact that she was one of those insured the same as if named in the policy, we have endeavored to show that she was not such an assured as could recover for the injuries sustained by her under the circumstances alleged. We do not think she can claim to be a beneficiary under any other clause of the policy except clause E. The policy cannot be said to have been taken out for her benefit; she was not made a payee in it, nor given the right to sue on it, or recover under it, and does not appear to have paid any portion of the consideration. There is no stipulation in the contract that the insurer would pay the plaintiff any damages for injuries sustained under the circumstances alleged by her. The policy was obtained by Cone for his own benefit exclusively, to reimburse him for any sum he might be obliged to pay and had paid. See the cases above cited.

No fact is alleged by either plaintiff or defendant Cone as constituting such a waiver or breach on the part of the insurance company as would give either plaintiff or Cone the right to sue on the policy. By this statement we do not mean to say that such waiver or breach is or was existent at the time the case was filed or tried, nor whether there could be any or not, but merely to state that if there was such waiver or breach as would give plaintiff or Cone the right to sue, the same is not pleaded by either. But the substance of their pleadings is that the insurance company issued the policy, and same is made a part of the pleadings of both, and upon it they ask judgment. They both in effect state that by the terms of the policy no action should lie against the company except for a loss actually sustained and reduced to judgment and then paid.

The policy does not in terms provide to whom payment shall be made in case of loss, but we think it could not have been intended otherwise than that payment should be made to the named assured or to the persons described in clause E who should bring themselves within the position of indemnitees as hereinbefore defined; because, under clause 4, designated briefly as the no-action clause, the insurer is not liable to payment until such loss has been reduced to judgment and paid, and hence, when this is done, there could be no liability to the injured person or an indebtedness owing to him; but the very fact of discharging the judgment by payment to the injured person would extinguish all his interest in the controversy.

Read in the light of the facts stated in the petition and in the cross-action, we see no room for construction of the policy, further than has been undertaken herein. It is, we think, with respect to the matters here discussed, clear and unambiguous, and therefore we must leave the parties as under the contract we find them.

We have endeavored to keep in mind the familiar rule that a policy such as this should be construed most strongly against the insurance company, because such writing is its own. But, notwithstanding this rule, we are constrained to hold that plaintiff's petition does not show any cause of action nor right of recovery against the insurance company, and that therefore the general demurrer should have been sustained, and this holding also applies to the cross-action.

So holding as we do that neither plaintiff nor defendant has stated any cause of action against the insurance company, it becomes unnecessary for us to pass upon the other assignments of error.

The judgment of plaintiff against defendant Ben F. Cone is affirmed. The judgment of plaintiff against the insurance company and the judgment of defendant Cone against the insurance company are reversed, and it is directed that the trial court dismiss the insurance company from the suit unless plaintiff or defendant Cone shall file such amended pleadings against it as show a cause of action.