## BARNES v. TURNER et al.

No. 1366—5517.

Commission of Appeals of Texas, Section A.

May 7, 1930.

Sullivan, Speer & Minor, of Denton, for plaintiff in error.

W. O. Davis, of Gainesville, and Joe S. Gambill, of Denton, for defendants in error.

CRITZ, J.

This suit was filed in the district court of Denton county, Tex., by plaintiff in error, J. H. Barnes, former tax collector of Denton county, against S. R. Turner, his successor, and American Surety Company of New York, Turner's bondsman, to recover certain fees of office alleged by Barnes to have been earned by him during his term of office and collected by Turner. Trial in the district court without a jury resulted in a judgment for Barnes. On appeal, this judgment was reversed and rendered by the Court of Civil Appeals for the Second District at Fort Worth. 19 S.W.(2d) 325. The case is in the Supreme Court on writ of error granted on application of Barnes.

The Court of Civil Appeals makes a very comprehensive statement of the case, and we refer to the opinion of that court for full particulars of the litigation. We, however, make a sufficient statement in the course of this opinion to make it complete within itself.

During the years 1921 to 1924, both inclusive, Barnes was the duly qualified and acting tax collector of Denton county. During the time Barnes was in office he prepared annual and delinquent lists of taxes assessed against lands of the respective owners of property in Denton county, Tex., as disclosed by the tax rolls thereof, separated the property previously sold to the state from that reported sold as delinquent for the preceding years, prorated

the state taxes into state revenue, state schools, and state pensions, calculated the penalty, extended and added it in with other taxes, balanced the delinquent list, certified it to the commissioners' court and to the comptroller, and did all things proper and necessary to make up the delinquent tax lists of Denton county. It is shown that Turner, Barnes' successor, has collected while in office $638 of delinquent tax fees earned by Barnes in performing the above duties, and refuses to pay same to Barnes. This suit is to recover such fees.

Article 7691, R. C. S. of Texas 1911, in force while Barnes was in office, so far as applicable to this case, provided:

"The collector of taxes, for preparing the delinquent list and separating the property previously sold to the state from that reported to be sold as delinquent for the preceding year, and certifying the same to the commissioners' court shall be entitled to a fee of one dollar for each correct assessment of the land to be sold, said fee to be taxed as costs against the delinquent; * * * provided, that in no case shall the state or county be liable for such fees, but in each case they shall be taxed as costs against the land to be sold under judgment for taxes and paid out of the proceeds of sale of same after the taxes, penalty and interest due thereon to the state are paid."

By the Act of the Third Called Session of the Thirty-Eighth Legislature of Texas, c. 21, approved June 21, 1923, and taking effect 90 days after adjournment, now article 7331, R. C. S. of Texas 1925, the above article 7691 of the 1911 codification was amended so that the part of same germane to this suit reads as follows:

"For preparing the annual delinquent list of assessments charged to the tax collector upon the tax roll, but which have not been collected at the time of his annual settlement with the State and county, separating the property previously sold to the State from that reported sold as delinquent for preceding years and for prorating the State taxes into State revenue, State school and State pension, calculating the penalty, extending it and adding it in with other taxes, balancing the delinquent lists and certifying it to the commissioners court and the Comptroller, the tax collector shall be entitled to a fee of one dollar for each correct assessment of land to be sold, said fee to be taxed as costs against the delinquent. Provided, that in no case shall the State or county be liable for said fee which shall be additional and cumulative of all other fees now allowed by law and shall not be accounted for under the fee bill as fees of office."

Under article 3882, Vernon's Complete Texas Statutes 1920, in force as applied to this case, it is provided:

"In any county shown by the last United States census to contain as many as twenty-five thousand inhabitants the following amounts shall be allowed, viz: * * * collector of taxes, an amount not exceeding twenty-four hundred dollars per annum,"

Also under article 3889, Vernon's Complete Texas Statutes 1920, in force as applied to this case, it is provided:

"Each officer named in this Chapter shall first, out of the fees of his office, pay or be paid the amount allowed him under (the) this provisions of this chapter, together with the salaries of his assistants or deputies. If the fees of such office collected in any one year be more than the amount needed to pay the amount allowed such officer and his assistants and deputies, same shall be deemed excess fees * * * and in counties having between twenty-five and thirty-eight thousand inhabitants such officer shall retain one-fourth of the excess fees until such one-fourth amounts to the sum of Twelve Hundred and Fifty Dollars," etc.

Under the law as it existed at the time Barnes was in office and at the time the fees here in controversy were earned, the tax collector had to account for such fees under the "Maximum Fee Bill." Bitter v. Bexar County (Tex. Com. App.) 11 S.W.(2d) 163, 165. We quote the following from Judge Nickels' opinion in the Bitter Case:

"In Article 7691, R. S. 1911, effective throughout the period in question, certain fees (which we will call 'delinquent tax-suit fees') were provided for the collector, and that without specific reference to his right to keep the amount thereof in all events. In respect to those fees we take the situation to be this: (a) Prior to enactment of the 'Maximum Fee Bill' in 1913, they belonged absolutely to the collector; (b) through enactment of the 'Maximum Fee Bill,' warrant to consider those fees as measuring a constituent of compensation was removed for they were not at any time thereafter 'specifically excepted' from operation of the 'Maximum Fee Bill.'"

Under the act of 1923, article 7331, R. C. S. 1925, above quoted, it is provided that the fees here litigated "shall not be accounted for under the fee bill as fees of office." However, these fees accrued prior to the taking effect of article 7331, supra, and subsequent to the Act of 1913, c. 121.

Barnes does not contend that he has not received all fees allowed by law at the time the services herein rendered were performed, but he contends (we quote from the application for the writ):

"Under Article 7691 (old Article Vernon Sayles Civil Statutes) certain requirements were made of Tax Collectors in making up delinquent lists, for which a fee of One ($1.00) Dollar was allowed to be taxed as cost against

the property, but no such requirements were therein contained, as the record in this case shows, that plaintiff in error performed in making up his said delinquent tax records. It would appear that he, like all other diligent County Officers, saw the necessity of performing a certain duty and did it even without hope of a future reward, but the Thirty-eighth Legislature, at its third called session, as shown at page 183, evidently saw the effectiveness of this additional labor performed by many tax collectors and provided then, for the first time, for compensation therefor. We invite a careful comparison of the provisions of Article 7691 (now 7331) as it existed prior to the amendment by the Thirty-eighth Legislature, supra, and this proposition will be apparent to the court.

"In that there had never been any provision of law for the compensation to plaintiff in error for the duties thus performed by him until after the duties were performed, the later provision for compensation for said services would not be 'extra' compensation for such services as contemplated by article 3, section 44, Constitution of this State."

■ From the above quotation it is evident that Barnes' claim is based upon the contention that old article 7691, supra, made certain requirements of the tax collector in making up delinquent tax lists, for which a fee of $1 was provided to be taxed as costs against the property, but that no such requirements were contained in the old act article 7691, supra, as the record here shows he performed in making up his delinquent tax list. In this connection he further contends that he, as a diligent officer, saw the necessity for performing duties not imposed upon him by law, and that he did perform such duties without hope of reward. He then contends that the Thirty-Eighth Legislature by the act of 1923, 3d Called Sess., c. 21, provided him with compensation for these services performed prior to the passage and taking effect of the later act. These contentions are utterly untenable. It is true that the act of 1923, present article 7331, is more specific with reference to the details of making up delinquent tax lists than article 7691 of the 1911 codification; still both acts contemplate substantially the same duties. Furthermore, it is plain that the services performed by Barnes were performed, and intended to be performed, in compliance with old article 7691 of the 1911 codification.

If he is entitled to any fees at all, it is under that article, and there is absolutely nothing in the 1923 act which can be construed as applicable to matters transpiring prior to its taking effect; in other words, the 1923 act cannot be construed as having a retroactive effect. Its very terms demonstrate that the Legislature intended it to apply only after it became effective, and it contains no words that would even lead to an inference that it was intended to apply to services performed before its passage.

■ Finally, as above stated, though Barnes does not even contend that he has not received all compensation allowed by law while he was in office, including both the $2,400 and the $1,250, as the one-fourth excess, he does seem to contend that there is no affirmative showing in the record to that effect, and therefore he says the judgment of the Court of Civil Appeals should be reversed, and the judgment of the trial court affirmed. As shown by the opinion of the Court of Civil Appeals, subsequent to the expiration of the plaintiff's last term of office, Denton county sued him for $12,000 claimed by the county to be due, as by an audit of Barnes' books during the four years he held the office of tax collector, and an agreed judgment was entered in this case against Barnes, and in favor of the county, for the sum of $6,600. We think that this suit, together with the agreed judgment, is presumptive evidence, in the absence of any showing to the contrary, that plaintiff had received all fees due him, and certainly justified such a conclusion by the Court of Civil Appeals. Furthermore, Barnes, being the plaintiff, had the laboring oar, and the burden was on him to prove that he was entitled to recover the fees here sued for. He certainly cannot discharge this burden until he has affirmatively shown the amount he has already received, and the amount he is still entitled to receive, for excess fees. This he has utterly failed to do, except in so far as the above agreed judgment may be presumed to show.

It follows that the Court of Civil Appeals has entered a correct judgment in this case, and we recommend that the judgment of that court be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.