## HOKE et al. v. SIMONTON.
### No. 2191.

Court of Civil Appeals of Texas. Beaumont.
Feb. 3, 1932.

Rehearing Denied Feb. 17, 1932.

Crawford & Crawford, of Conroe, for appellants.

Pitts & Liles, of Conroe, for appellee.

WALKER, J.

This suit was brought by appellee, a former tax collector of 'Montgomery county, against I. D. Hoke, his successor, who duly qualified as such in 1924, again in 1926, and again in 1928, and the sureties upon each of Hoke's official bonds for his three several terms of office. The purpose of the suit was to recover fees of office earned by Simonton while he was.in office, but collected by Hoke, as his successor. The suit was for $1,184, but on trial to the court without a jury the judgment was for only $668.43, with liability for this sum correctly distributed among the sureties for his three several terms of office, from which the defendants have duly perfected their appeal. The following discussion disposes of their assignments of error:

The court did not err in overruling appellants' general demurrer urged on the theory of misjoinder of parties. In McFadden v. Schill, 84 Tex. 77, 19 S. W. 368, and Detroit E. Works v. Riverside Street Railway Co. (Tex. Civ. App.) 29 S. W. 412, it.was held that the issue of misjoinder of parties could not be raised by general demurrer. The special exception raising this issue was also properly overruled. It was held in City of Dallas v. Early, 281 S. W. 883, 884, Judge Looney speaking for the Dallas Court of Civil Appeals, that a special exception raising this issue does not constitute due order of pleading. "The question of misjoinder was raised by special exception that appeared in appellants' answer to the merits of the case. The plea of misjoinder is dilatory in nature, and should have been presented in limine. As the question was presented, it was not in due order of pleading. Revised Statutes, art. 2012 (1909) (1268) ; Hill v. Newman, 3 S. W. 271, 67 Tex. 265 ; Kemendo v. Fruit Dispatch Co., 131 S. W. 73, 76, 61 Tex. Civ. App. 631."

Even if the special exception could be construed as a plea in abatement—and there was no special plea of abatement—it came too late after the general demurrer. In Dr. Pepper Bottling Co. v. Rainboldt, 40 S.W.(2d) 827, 830, Judge Barcus, speaking for the Waco Court of Civil Appeals, said: "Appellants further complain of the action of the trial court in overruling their plea in abatement, their contention being that Mr. Rainboldt could not maintain the suit as next friend for his minor child for injuries which she had received, and in the same action maintain suit for himself for the doctors' and medical bills which he had become obligated to pay. We overrule this proposition. The record shows that the plea in abatement was filed after the general demurrer. It was specifically held in Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W.(2d) 144 (error dismissed), that a suit by the parents for themselves, and as next friend for their minor child for injuries, could be maintained in one and the same action. In Becker v. Becker (Tex. Civ. App.) 218 S. W. 542, it was held that a plea in abatement for misjoinder of parties was waived, where same was not filed prior to the filing of a general demurrer."

Under the rule announced by 7 Tex. Jur. p. 100, that "the usual rule as to joinder of causes of action applies to suits upon bonds," the case last cited is directly in point. But, even if the issue of misjoinder of parties was properly pleaded, we think, under the provisions of article 1989, R. S. 1925, that the issue was not in the case. The facts pleaded by appellee invoked all the conditions of this article. It should be further said that Love v. Keowne, 58 Tex. 191, Skipwith v. Hurt, 94 Tex. 322, 60 S. W. 423, and Linz v. Eastland County (Tex. Com. App.) 39 S.W.(2d) 599, sustain the discretion of the court in denying the contention that appellee's allegations constituted a misjoinder of parties. The lower court also properly overruled the contention, advanced under the general demurrer, that the suit should have been brought in the name of the county judge, obligee in the bonds sued on, for the benefit of appellee or on his relation. Bond v. Poindexter (Tex. Civ. App.) 116 S. W. 395 ; Barnes v. Turner (Tex. Com. App.) 27 S.W.(2d) 532.

■ There is no merit in the contention that the bonds sued on were void on the ground that the conditions of the bonds were in contravention of law. Article 7247, R. S. 1925, provides that the conditions of the tax collector's bond executed to the Governor shall be, "for the faithful performance of the duties of his office as collector of taxes for and during the full term for which he was elected or appointed." Article 7249 provides that the bond executed by the tax collector to the county judge shall be "a like bond, with like conditions." The bonds in issue were conditioned: "Now, therefore, if the said I. D. Hoke shall faithfully and promptly perform and discharge all the duties required of him by law as Tax Collector aforesaid, and shall (5) promptly deposit in the County Depository all funds coming into his hands as Tax Collector, and make the reports as required by law." We construe this condition as a literal compliance with the statute.

■■ The court did not err in concluding that appellant Hoke, in collecting the fees sued for, did so as the agent and trustee of appellee (Bond v. Poindexter, supra), and therefore limitation did not run against this cause of action until appellee knew, or ought to have known, that Hoke had repudiated the trust and was claiming the fees for himself. This issue was found by the judgment in appellee's favor on the issues of limitation. Nor did the court err in concluding that appellee's demand was within the four-year statute of limitation (Rev. St. 1925, art. 5529) and not within the two-year statute (Rev. St. 1925, art. 5526). Jeff Davis County v. Davis (Tex. Civ. App.) 192 S. W. 291, 297, where it was said: "As to the item of guard hire, if there were any liability in respect thereto, it would arise upon his official bond, and under the decision in Hillman v. Gallagher, 103 Tex. 427, 128 S. W. 899, the four-year statute would apply." See, also, Steusoff v. Liberty County, 34 S.W.(2d) 643, where the Davis Case was cited by this court on this proposition. On this conclusion the issues of limitation go out of the case. What we have just said denies appellants' contention that the fees were not collected by Hoke in his official capacity. So there is no merit in the contention that appellee's claim against Hoke was merely "an open account" within the two-year statute of limitation.

■ We also overrule the contention that the judgment was not responsive to the pleadings and the assignment that it was excessive. It was agreed on the trial that appellant Hoke collected fees earned by appellee while he was in office in the sum of $1,184, the amount sued for, of which $371 was collected prior to October 21, 1926, and $813 subsequent to that date. The suit was filed October 21, 1930. Under the provisions of the maximum fee bill, in force in Montgomery county, as construed by this court in Steusoff

v. Liberty County, supra, the court held that appellee was entitled to recover as fees of office only the amount fixed by the judgment, to wit, $668.43. In this connection there is no error in the contention that the court's judgment was based upon a certain auditor's report. The court based his conclusions of fact upon the agreement that the auditor's report correctly reflected appellant Hoke's accounts as tax collector.

■ We overrule the assignment that the fees in question were illegally collected. This contention is based upon the provisions of article 7333, which provide that the fees of office for making up the delinquent tax assessments "shall be taxed as costs against the land to be sold under judgment for taxes, and paid out of the proceeds of sale of same." Because the land was not sold, appellants contend there was no authority for collecting the fees. The fees constituted a charge against the land, which could be discharged only by their payment. The article cited means only that the tax collector has no recourse for forcing collection of these fees except by the sale of the land, but, when the fees are voluntarily paid, their collection is legal and his receipt releases the land from the lien created by the delinquent assessment.

■ We also overrule the following contention made by appellants: "The Court rendered judgment against I. D. Hoke for Six Hundred Sixty-eight and 43/100 ($668.43) Dollars and judgment against the sureties for Two Thousand One Hundred Forty-six and 68/100 ($2,146.68) Dollars, but provided that the maximum amount that plaintiff, R. D. Simonton, may recover against the defendants' sureties shall be limited to the sum of Four Hundred Seventy-seven and 84/100 ($477.84) Dollars and upon payment of that sum to plaintiff the judgment against the defendant's sureties shall be discharged."

Three several sets of sureties were sued in this one action. Because certain of the sureties signed more than one bond, they were liable for the accounts for more than one year. The judgment was so framed as to charge each set of sureties separately with the amount collected while their particular bond was in force. The aggregate of these several liabilities make the sum of $2,146.68, though, in fact, that sum constitutes a liability against the sureties, as appellant concedes, of only $477.84. The language of the judgment clearly protects the sureties from any excess execution, and does not invoke City Nat. Bank v. Eastland County (Tex. Civ. App.) 12 S.W.(2d) 662, where the court said: "Judgment against sureties exceeding that of principal renders it erroneous." It should also be said that, when the evidence came in, the court properly assessed against each set of sureties the amount collected by Hoke while his bond was in force, and, though

some of the sureties were on all three of the bonds, and others on two bonds, and some on only one of the bonds, the issue was not raised that any surety was charged with any portion of the amounts sued for not accruing while his bond was in force.

Finding no error in the record, the judgment of the lower court is in all things affirmed.