

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 8, 1948

Hon. Stuart B. Lumpkins
County Attorney
Ellis County
Waxahachie, Texas

Opinion No. V-536

Re: Authority of tax col-
lectors to receive the
$1.00 fee for prepar-
ing an annual delin-
quent tax list as pro-
vided for in Article
7331, V.C.S., prior
to the amendment in
1923.

Dear Mr. Lumpkins:

Your request for an opinion of this Depart-
ment is substantially as follows:

"A question has arisen in this County
concerning the accounting of the Tax Col-
lector to the County on which we feel we
would like to have your opinion.

"Where a tax collector in 1947 receives
the $1 delinquent fee due for the preparation
of delinquent tax lists in 1919-1923, may the
County demand the entire amount received by
him without showing whether the tax Collector
for the prior years received the maximum fees
allowed him under the maximum fee law.

"Ellis County is under the Officer's
Salary Law. During the years 1919-1923
Ellis County was under the Maximum Fee Law.
This question as to the burden of proof is
important because of the extreme difficulty
in getting up the older records for the
years 1919-1923 as to what amount was re-
tained by the Tax Collector during those
years as compensation."

Article 7691, R. C. S. of Texas 1911, which
was in effect during the years mentioned in your inquiry
and applicable to this opinion was as follows:

"The collector of taxes, for preparing the delinquent list and separating the property previously sold to the State from that reported to be sold as delinquent for the preceding year, and certifying the same to the Commissioners' Court shall be entitled to a fee of $1.00 for each correct assessment of the land to be sold, said fee to be taxed as costs against the delinquent; . . . provided, that in no case shall the State or county be liable for such fees, but in each case they shall be taxed as costs against the land to be sold under judgment for taxes and paid out of the proceeds of the sale of same after the taxes, penalty, and interest due thereon to the State are paid."

By the Acts of the Third Called Session of the 38th Legislature, Chapter 21, approved June 21, 1923, now Article 7331, V. C. S., the above Article 7691 of the 1911 codification was amended so that part of same reads as follows:

"For preparing the annual delinquent list of assessments charged to the tax collector upon the tax roll, . . . the tax collector shall be entitled to a fee of $1.00 for each correct assessment of land to be sold, said fee to be taxed as cost against the delinquent. Provided, that in no case shall the State or county be liable for said fee which shall be additional and cumulative of all other fees now allowed by law and shall not be accounted for under the fee bill as fees of office."

Under the law as it existed during the years of 1919 to 1923, the tax collector had to account for such fees under the "Maximum Fee Bill". Bitter v. Bexar County (Com. App.) 11 S.W.(2d) 163.

In the case of Cameron County v. Fox (Com. App.) 61 S.W.(2d) 483, the court stated as follows:

"The fee was earned when the services prescribed in article 7691 (R.S. 1911) were performed. The fee became due at that time, and was chargeable against the delinquent, although the en-

forcement of collection depended upon contingencies incident to the enforced collection of the delinquent taxes involved. The new statute of 1923 (article 7331, R. S. 1925) did not purport to modify any provision of the Maximum Fee Law with respect to such fee where same had already accrued, or to surrender any right which had accrued to the county respecting same. In this respect, the new statute did not have retroactive effect. Turner v. Barnes, supra."

Article 3892, V. C. S., reads as follows:

"Any officer mentioned in this Chapter who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized by Articles 3883, 3883-A, and 3886 for the year in which delinquent fees were charged, and also retain the amount of excess fees authorized by law, and the remainder of the delinquent fees for that fiscal year shall be paid as herein provided for when collected; provided, the provisions of this Article shall not apply to any officer after one year from the date he ceases to hold the office to which any delinquent fee is due, and in the event the officer earning the fees that are delinquent has not collected the same within twelve months after he ceases to hold the office, the amount of fees collected shall be paid into the county treasury."

In Opinion No. 2931, Report of Attorney General's Opinions, 1932-1934, page 341, this Department stated as follows:

"The one dollar fee for the pre-

> paration of a delinquent list has al-
> ways been considered by the courts as
> being a fee earned upon the perform-
> ance of the service and yet one which
> the tax collector is without power to
> collect until the delinquent taxes
> have been paid or until the tax lien
> has been foreclosed in court and the
> property sold to satisfy the judgment.
> Hoke vs. Simondon (Writ of error de-
> nied) 46 S.W.(2d) 1013; Barnes vs.
> Turner, 27 S.W.(2d) 532."

It will be seen that the one dollar fee from 1919 to 1923 was accountable as a fee of office and that from June 13, 1923 to January 1, 1931 the fee was not accountable. Prior to 1931 the fee was earned when the services for which it was paid (that is, the calculation of the delinquent tax list) had been completed and un- less it was collected within the current year in which the services were performed it became a delinquent fee. However, since January 1, 1931 this fee has not been earned until the taxes were actually collected and, therefore, can only be considered as a current fee. It has been repeatedly held by this Department that the officer whose term of office has terminated has no right or authority to collect delinquent fees, that such fees shall be collected by the officer to whose office the fees accrued, and shall be disposed of by said officer in accordance with the provisions of the laws governing the same. (Attorney General's Opinion No.0-1679).

In answer to your question, it is the opinion of this Department that the tax collector for the years 1919-1923, who is no longer in office, would not be auth- orized to collect delinquent fees earned by him while in office, but that the present tax Assessor-Collector should collect said fees and pay them to the tax col- lector of 1919-1923, provided such officer has not earn- ed and collected his maximum fees. The former tax col- lector in 1919-1923 is only entitled to such delinquent fees as are sufficient to complete the maximum compensa- tion authorized by Articles 3883, 3883-A, and 3886, V. C. S., for those years and any balance should be paid to the County Treasurer for said county.

Further, it will be observed that if your county initiates a claim for such fees, as indicated in your opinion request, it must be predicated on the basis

that the tax collector of 1919-1923 has earned and collected his maximum fees for said years.  The fees either belong to the tax collector of 1919-1923 or to the county and if your county asserts a claim the burden of proof is upon the county to establish a priority to such fees, as the general rule is that the burden of proof in any cause rests upon the party who asserts the affirmative of an issue.  20 Am. Jur. p. 138; 17 Tex. Jur. p. 315. Therefore, it is the opinion of this Department that to be entitled to such fees the county must establish as a matter of fact that the tax collector of 1919-1923 has earned and collected his maximum fees for those years. All fees in excess of the maximum belong to the county. Barnes v. Turner, 19 S.W.(2d) 325, 27 S.W.(2d) 532; Curtin v. Harris County, 203 S.W. 453, 242 S.W. 445.

It should be noted that the "one year limitation feature" contained in Article 3892, V. C. S., was not enacted until the year 1930 and became effective January 1, 1931, and consequently, has no application to the question under consideration.  However, this opinion does not pass upon the question of whether the general Statutes of Limitation could or should be pleaded or claimed by the Commissioners' Court, if a suit were brought to collect the unpaid portion of the fees due the tax collector of 1919-1923.

## SUMMARY

A tax assessor-collector of a county operating under the Officer's Salary Law, who, in 1947, collects a $1 fee for the preparation of a delinquent tax list which was earned by a tax collector of 1919-1923 when the county was operating under the Maximum Fee Law, should pay the same to the tax collector of 1919-1923, provided such officer has not earned and collected his maximum fees for said years.  The fee was earned when the work was performed and being subject to the Maximum Fee Law a claim by a county for such fee must be predicated upon the basis that the tax collector of 1919-1923 has earned and collected his maximum fees for said years, (Art. 1761, R.S. of 1911; Art. 7331, V.

Hon. Stuart B. Lumpkins, page 6 (V-536)

C. S.; Cameron v. Fox, 61 S.W.(2d) 483;
and Turner v. Barnes, 27 S.W.(2d) 532.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By Burnell Waldrep
Burnell Waldrep
Assistant

BW:mw

APPROVED:

Fagan Dickson
FIRST ASSISTANT
ATTORNEY GENERAL