## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 24, 2004

The Honorable Sonya Letson
Potter County Attorney
500 South Fillmore, Room 303
Amarillo, Texas 79101

Opinion No. GA-0155

Re: Whether it is a violation of article III, section 53 of the Texas Constitution for a county to pay court reporters a fee for a transcript in addition to the court reporter's salary  (RQ-0101-GA)

Dear Ms. Letson:

You inform us that there are seven courts of record in Potter County, five district courts and two county courts at law.[1] *See* TEX. GOV'T CODE ANN. §§ 24.149, .210, .361, .428, .628 (Vernon 1988) (creating various district courts in Potter County or in Potter and additional counties), 25.1901 (Vernon Supp. 2004) (creating statutory county courts in Potter County), .1902 (jurisdiction of statutory county courts in Potter County); *see also id.* §§ 25.0003 (jurisdiction of statutory county courts generally), .0004 (powers and duties of statutory county courts). You indicate that the judge of each court has appointed a court reporter pursuant to statute and that in addition to salary, each reporter is entitled by statute to receive certain fees, including fees for the preparation of court transcripts upon request, which is a statutory duty of court reporters. *See* Request Letter, *supra* note 1, at 1-2; TEX. GOV'T CODE ANN. §§ 52.041, .046, .047, .051 (Vernon 1998). You state that in addition to instances in which the county pays the fee for transcripts requested by indigents, the county also pays the fee for transcripts when the county is a party to the litigation. *See* Request Letter, *supra* note 1, at 2; TEX. R. APP. P. 20.1-.2 (concerning transcripts for indigents). You ask whether the county's practice of paying court reporters both a salary and a fee for the preparation of court transcripts violates article III, section 53 of the Texas Constitution, which, *inter alia*, forbids the county from paying "any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered." TEX. CONST. art. III, § 53; *See* Request Letter, *supra* note 1, at 2.

### I. Relevant Law

Section 52.046, Government Code, sets forth the duties and powers of a court reporter and provides:

---

[1] *See* Letter from Honorable Sonya Letson, Potter County Attorney, to Honorable Greg Abbott, Texas Attorney General, at 1 (Aug. 29, 2003) (on file with Opinion Committee) [hereinafter Request Letter].

> (a) On request, an official court reporter shall:
>
>> (1) attend all sessions of the court;
>>
>> (2) take full shorthand notes of oral testimony offered before the court, including objections made to the admissibility of evidence, court rulings and remarks on the objections, and exceptions to the rulings;
>>
>> (3) take full shorthand notes of closing arguments if requested to do so by the attorney of a party to the case, including objections to the arguments, court rulings and remarks on the objections, and exceptions to the rulings;
>>
>> (4) preserve the notes for future reference for three years from the date on which they were taken; and
>>
>> (5) furnish a transcript of the reported evidence or other proceedings, in whole or in part, as provided by this chapter.
>
> (b) An official court reporter of a district court may conduct the deposition of witnesses, receive, execute, and return commissions, and make a certificate of the proceedings in any county that is included in the judicial district of that court.
>
> (c) The supreme court may adopt rules consistent with the relevant statutes to provide for the duties and fees of official court reporters in all civil judicial proceedings.
>
> (d) A judge of a county court or county court at law shall appoint a certified shorthand reporter to report the oral testimony in any contested probate matter in that judge's court.

TEX. GOV'T CODE ANN. § 52.046 (Vernon 1998).

District court reporters are entitled by statute to be paid a salary in addition to certain fees authorized by law:

> An official district court reporter shall be paid a salary set by the order of the judge of the court. This salary is in addition to transcript fees, fees for a statement of facts, and other necessary expenses authorized by law.

*Id.* § 52.051(a). Compensation of court reporters appointed by county court at law judges is governed by section 152.011 of the Local Government Code, which provides that "[t]he commissioners court of a county shall set the amount of the compensation, office and travel expenses, and all other allowances for county and precinct officers and employees who are paid wholly from county funds." TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999).

In addition to receiving salaries, court reporters are also entitled to charge fees for the performance of certain tasks or duties. Section 52.047 of the Government Code, the provision you note specifically, governs the preparation of court transcripts upon request and permits the court reporter to charge a fee for such preparation:

(a) A person may apply for a transcript of the evidence in a case reported by an official court reporter. The person must apply for the transcript in writing to the official court reporter, and the reporter shall furnish the transcript on payment of the transcript fee or as provided by Rule 40(a)(3) or 53(j),[2] Texas Rules of Appellate Procedure.

(b) If an objection is made to the amount of the transcript fee, the judge shall determine a reasonable fee, taking into consideration the difficulty and technicality of the material to be transcribed and any time constraints imposed by the person requesting the transcript.

(c) On payment of the fee or as provided by Rule 40(a)(3) or 53(j),[3] Texas Rules of Appellate Procedure, the person requesting the transcript is entitled to the original and one copy of the transcript. The person may purchase additional copies for a fee per page that does not exceed one-third of the original cost per page.

(d) An official court reporter may charge an additional fee for:

(1) postage or express charges;

(2) photostating, blueprinting, or other reproduction of exhibits;

(3) indexing; and

(4) preparation for filing and special binding of original exhibits.

(e) If an objection is made to the amount of these additional fees, the judge shall set a reasonable fee. If the person applying for the transcript is entitled to a transcript without charge under Rule 40(a)(3) or 53(j),[4] Texas Rules of Appellate

---

[2]Rule 40(a)(3) of the Texas Rules of Appellate Procedure, adopted in 1986, was amended in 1997 and is now Rule 20.1; Rule 53(j), also adopted in 1986, was amended in 1997 and is now Rule 20.2. *See* TEX. R. APP. P. 20.1-.2; TEX. GOV'T CODE ANN. §§ 22.004, .108 (Vernon 2004) (authority of Texas Supreme Court and Texas Court of Criminal Appeals to adopt rules of appellate procedure).

[3]*See supra* note 2.

[4]*See supra* note 2.

Procedure, the court reporter may not charge any additional fees under Subsection (d).

(f) If the official court reporter charges an amount that exceeds a fee set by the judge, the reporter shall refund the excess to the person to whom it is due on demand filed with the court.

(g) Notwithstanding Rule 53(j),[5] Texas Rules of Appellate Procedure, an official court reporter who is required to prepare a transcript in a criminal case without charging a fee is not entitled to payment for the transcript from the state or county if the county paid a substitute court reporter to perform the official court reporter's regular duties while the transcript was being prepared. To the extent that this subsection conflicts with the Texas Rules of Appellate Procedure, this subsection controls. Notwithstanding Sections 22.004 and 22.108(b), the supreme court or the court of criminal appeals may not amend or adopt rules in conflict with this subsection.

TEX. GOV'T CODE ANN. § 52.047 (Vernon 1998). Additionally, court reporters are entitled to charge fees for the preparation of depositions, *see id.* § 52.059, and are entitled to reimbursement for certain expenses as well. *See id.* § 52.055.

Article III, section 53 of the Texas Constitution forbids counties or municipalities from, *inter alia*, paying "any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered." TEX. CONST. art. III, § 53.[6] The retention of fees for the performance of tasks and duties required by section 52.046 constitutes extra compensation in violation of article III, section 53 only if the court reporter's salary may be said to include payment for those tasks and duties. *See* TEX. GOV'T CODE ANN. § 52.046 (Vernon 1998). If the salary includes payment for the statutory tasks and duties, then sections 52.047 and 52.059, which permit a court reporter to charge a fee for preparing a transcript or deposition, would not apply to requests for transcripts and depositions requested by a county. *See id.* §§ 52.047, .059. In essence then, you

---

[5]*See supra* note 2.

[6]Article III, section 44 of the Texas Constitution, which is considered the state counterpart to section 53, provides:

> The Legislature shall provide by law for the compensation of all officers, servants, agents and public contractors, not provided for in this Constitution, but shall not grant extra compensation to any officer, agent, servant, or public contractors, after such public service shall have been performed or contract entered into, for the performance of the same; nor grant, by appropriation or otherwise, any amount of money out of the Treasury of the State, to any individual, on a claim, real or pretended, when the same shall not have been provided for by pre-existing law; nor employ any one in the name of the State, unless authorized by pre-existing law.

TEX. CONST. art. III, § 44.

ask whether the county violates article III, section 53 by paying a court reporter both a salary and a fee for preparing a transcript. *See* Request Letter, *supra* note 1, at 2.

## II.     Analysis

Your question is moot if court reporters may not receive fees in addition to salary. Thus, as a threshold matter, we consider whether a court reporter is a "county officer" within the meaning of Texas Constitution, article XVI, section 61, which prevents county officers from being compensated on a fee basis except as provided therein, *see* TEX. CONST. art. XVI § 61, and Local Government Code chapter 154, which implements this constitutional provision. *See* TEX. LOC. GOV'T CODE ANN. §§ 154.002 (Vernon 1999) (salary paid in lieu of fees and commissions), .003 (collection and disposition of fees and commissions of salaried officers), .004 (state and county prohibited from paying fees or commissions to salaried officers), .005 (fees and commissions certain salaried officers may receive in addition to salary). It is evident from the original predecessor of Local Government Code chapter 154 that it was intended to implement article XVI, section 61. *See* Act of Nov. 14, 1935, 44th Leg., 2d C.S., ch. 465, § 24, 1935 Tex. Gen. Laws 1762, 1784 (the adoption of a constitutional amendment requiring county officers to be compensated solely on a salary basis creates an emergency).

Specific statutory language uses the terms "officer," "office," and "official" in describing a court reporter. *See* TEX. GOV'T CODE ANN. §§ 52.041 (Vernon 1998) ("official court reporter is a sworn officer of the court and holds office at the pleasure of the court"), .045 ("official court reporter must take the official oath required of officers of this state"). However, case law uniformly has held that court reporters are not "officers" for various purposes, including specifically for purposes of article XVI, section 61. *See Lightfoot v. Lane*, 140 S.W. 89, 90 (Tex. 1911) (stenographer for court of civil appeals was an employee, not an officer), *Harris County v. Hunt*, 388 S.W.2d 459, 467 (Tex. Civ. App.–Houston 1965, no writ) (court reporter was not an officer within article XVI, section 61 of the Texas Constitution requiring officers to pay fees into county treasury), *Tom Green County v. Proffitt*, 195 S.W.2d 845, 847 (Tex. Civ. App.–Austin 1946, no writ) (official court reporter is not a "public officer" within the article III, section 56 prohibition against local laws creating offices), *Robertson v. Ellis County*, 84 S.W. 1097, 1098 (Tex. Civ. App.–Dallas 1904, no writ) (court reporter is not an officer within article XVI, section 30 of the Texas Constitution, which provides that the "duration of all offices not fixed by this Constitution shall never exceed two years"); *see also* Tex. Att'y Gen. Op. Nos. JM-1083 (1989) at 2 (court reporter does not hold "civil office of emolument" for purposes of article XVI, section 40 of the constitution), O-6491 (1945) at 6.[7] Therefore, we conclude that a court reporter is not a "district, county or precinct officer" for purposes of the prohibition on the payment of any additional fees and commissions to salaried officers that is set

---

[7]*But see In re Johnson*, 554 S.W.2d 775, 784 (Tex. Civ. App.–Corpus Christi 1977, writ ref'd n.r.e.) (holding that a court reporter is an "officer" for purposes of article III, section 44 of the Texas Constitution, which authorizes the legislature to provide by law for the compensation of all officers, servants, agents, and public contractors, not provided for in this Constitution). Because a court could hold that court reporters fall within the scope of article III, section 44 because they are "servants" or "agents" without holding that they are "officers" and because the case on appeal to the Texas Supreme Court was decided because the appellant failed to preserve any point of error, *see In re Johnson*, 569 S.W.2d 882 (Tex. 1978), we are reluctant to conclude that court reporters are "officers" as opposed to "employees."

forth in subchapter A of chapter 154 of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 154.002 (Vernon 1999).

Turning to your specific question, we note that article III, section 53, like its state counterpart, article III, section 44, is intended to prevent a gratuitous payment of public funds for work already performed. *See, e.g., Byrd v. City of Dallas*, 6 S.W.2d 738, 740 (Tex. 1928); *Dallas County v. Lively*, 167 S.W. 219, 220 (Tex. 1914); *Turner v. Barnes*, 19 S.W.2d 325, 327-28 (Tex. Civ. App.–Fort Worth 1929), *aff'd*, 27 S.W.2d 532 (Tex. Comm'n App. 1930, judgm't adopted); *Devon v. City of San Antonio*, 443 S.W.2d 598, 600 (Tex. Civ. App.–Waco 1969, writ ref'd). But payment of additional compensation for extra work performed or expenses incurred does not constitute "extra compensation" prohibited by the Texas Constitution. *See, e.g., Univ. of Tex. Sys. v. Robert E. McKee, Inc.*, 521 S.W.2d 944, 949 (Tex. Civ. App.–Eastland 1975, writ ref'd n.r.e.). In this instance, the statutory provisions at issue do not authorize payment of "extra compensation" for work already performed; rather, they authorize additional compensation for additional work requested to be performed. Indeed, the mere fact that the legislature has authorized the additional compensation for additional work performed upon request supports the proposition that the additional compensation is not intended to pay for work already performed. *See* TEX. GOV'T CODE ANN. §§ 52.047, .059 (Vernon 1998).

It is evident that the legislature did not intend for the term "salary," *see id.* § 52.051, or the phrase "compensation . . . and all other allowances," *see* TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999), to include payment for the performance of other tasks for which other specific statutory provisions authorize the imposition of fees. Ordinarily, when the legislature has used a term or phrase in one section of a statute and excluded it in another, courts will not imply the term where it has been excluded. *Meritor Auto., Inc. v. Ruan Leasing Co.*, 44 S.W.3d 86, 90 (Tex. 2001); *Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995); *Smith v. Baldwin*, 611 S.W.2d 611, 616 (Tex. 1980). In this instance, sections 52.047 and 52.059 of the Government Code expressly confer authority on court reporters to charge a fee for the performance of certain specific tasks. *See* TEX. GOV'T CODE ANN. §§ 52.047, .059 (Vernon 1998). By way of contrast, section 52.051 of the Government Code requires a district court reporter to be paid a "salary," *see id.* § 52.051, and section 152.011 of the Local Government Code authorizes county commissioners to set "the amount of compensation . . . and all other allowances for county and precinct officers and employees who are paid wholly from county funds." TEX. LOC. GOV'T CODE ANN. § 152.011 (Vernon 1999).

Moreover, this office already has noted that court reporters do not work typical eight-hour days, but rather perform specific duties in service to the courts that appointed them, *see* Tex. Att'y Gen. Op. Nos. JM-1083 (1989) at 4 ("The position of court reporter is described in terms of the duties to be performed, not of the number of hours of service required each week."), a fact which does not preclude a court reporter from being paid for any additional "outside" work. *See also* Tex. Att'y Gen. Op. No. JM-163 (1984) at 1("In essence, your secretary is being paid to perform specified duties and is not necessarily employed for a specified time during the day during which she cannot have other employment."). Similarly, we believe that the salary authorized by sections 52.051 of the Government Code and 152.011 of the Local Government Code represents compensation for the

employment duties performed in service to the court reporter's assigned court, not for the performance of any additional work performed upon request of parties in the litigation, in effect work constituting "other employment."

And finally, when the county is paying a court reporter a salary pursuant either to sections 52.051 of the Government Code or 152.011 of the Local Government Code, it is acting in the role of employer. When, by way of contrast, it is paying a court reporter for certain additional services, such as the preparation of a transcript or a deposition, it is acting in the role of a party to the litigation. No provision in the Government Code nor the Local Government Code supports the proposition that the legislature intended that counties, when requesting transcripts in the role of parties to litigation, should be treated differently than other nongovernmental parties requesting transcripts. In such an instance, the additional compensation received by the court reporter is not "extra compensation" for services or work already performed in the role as an employee of the county; rather, it is additional work performed at the request of a litigating party.

## S U M M A R Y

Sections 52.051 of the Government Code and 152.011 of the Local Government Code authorize a district court reporter and a county court at law court reporter, respectively, to be paid a salary. Additional fees charged under sections 52.047 and 52.059 of the Government Code do not constitute extra compensation in violation of article III, section 53 of the Texas Constitution. A county may be required to pay for a transcript prepared by a court reporter when the county itself is a party to litigation or when the transcript is prepared for an indigent pursuant to the Texas Rules of Appellate Procedure.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Jim Moellinger
Assistant Attorney General