T. G. T. KENDALL AND WIFE V. R. M. PAGE.

No. 3112.

**Stipulated Attorney Fees—Practice.**—Suit on a promissory note. The petition set out the note, and a credit indorsed thereon, claiming stipulated attorney fees upon the entire note. Judgment was rendered for balance due and attorney fees upon entire note. No statement of facts is in the record. *Held*, in absence of a statement of facts it will be presumed that the credit was shown to have been paid after the note had been placed in the hands of the attorney for collection.

ERROR from Dallas. Tried below before Hon. GEO. N. ALDREDGE. The opinion states the case.

*Robertson & Coke*, for plaintiffs in error.—In the absence of a statement of facts it is presumed that all testimony legitimately admissible under the averments was introduced, but it is not presumed that anything was proved which was not alleged; and there is no allegation that the note sued upon was in the hands of attorneys prior to the credit of $1018.

*W. L. Williams, A. M. Jackson, Jr.*, and *N. P. Jackson*, for defendant in error.—1. Every presumption will obtain in favor of a judgment until the contrary be shown.

2. In a case tried by the judge below without the intervention of a jury, this court, in the absence of a statement of facts, will presume in favor of the judge's findings of fact, and that they were based upon competent and sufficient evidence adduced before him.

3. If a promissory note provides for the payment of attorney fees in the event the same shall be collected by an attorney, then if the note be in the hands of an attorney after maturity, for collection, it is immaterial whether subsequent payment is made to the attorney or to the payee direct; the payee will be entitled to recover the attorney fees stipulated in the note, on the whole amount of the note and interest.

COLLARD, JUDGE, *Section A.*—R. M. Page sued T. G. T. Kendall and wife on a promissory note, described as follows:

"$1000.                              "DALLAS, TEXAS, April 1, 1886.

"On April 1, 1888, I promise to pay to the order of R. M. Page, at Dallas, Texas, the sum of $1000, with interest from date at the rate of 10 per cent per annum and 10 per cent attorney fees if collected by an attorney. This note is given for land," etc.

        [Signed]                              "T. G. T. KENDALL."

The trial resulted in a judgment for plaintiff for $319.45 and foreclosure of vendor's lien.

Kendall and wife have brought the case to the Supreme Court by writ of error, and assign error as follows: "At the date of rendition of

judgment herein the total sum due plaintiff, principal, interest, and attorney fees, was $120.34, as shown by plaintiff's petition and the record in said cause; whereas judgment is rendered in said plaintiff's favor for $319.45, which is $119.11 more than was due. The petition sets out the note sued upon and the credit; the balance due as above stated is shown by calculation.''

There is no statement of facts in the record. The suit was filed May 8, 1888. Judgment was rendered November 14, 1888. The petition is in good form, and acknowledges a payment on the note of $1018 on April 7, 1888. After the usual allegations setting out the note, the petition contains the following: ''Whereby said T. G. T. Kendall became liable and promised to pay $1000 with interest thereon at the rate of 10 per cent per annum from the 1st day of April, 1888, according to the terms, tenor, and effect of said note, together with the sum of 10 per cent attorney fees as provided for in said note; that on the 7th day of April, 1888, the said T. G. T. Kendall paid upon said note the sum of $1018; that the 10 per cent attorney fees as provided for in said note is due to plaintiff, the same having been placed in the hands of W. L. Williams and Reeves & Channing, attorneys, for collection, which 10 per cent is $100, with interest thereon at the rate of 10 per cent per annum from the 1st day of April, 1886.'' Then follow allegations setting up the lien and prayer for judgment for the full amount of the balance due on said note, together with interest thereon, attorney fees, all costs,'' and foreclosure of lien and for general relief.

Plaintiff in error makes no point on the evident clerical error in the record which makes the petition state that interest is due on the note ''from the 1st day of April, 1888,'' instead of 1886, as stated in the note copied in the petition, but on the contrary the brief computes the interest from April 1, 1886.

The contention of appellant is, that the attorney fees could only be allowed on the balance due on the note at the time of judgment according to the allegations of the petition, inasmuch as the time when the note was placed in the hands of attorneys for collection is not stated so as to show that attorney fees were to be allowed on the payment of $1018. In the absence of a statement of facts, it will be presumed that every fact provable under the pleadings and necessary to sustain the judgment was proved. Cotulla v. Goggan, 77 Texas, 32. We think the allegations in reference to attorney fees are broad enough to admit proof that the payment of $1018 was made after the note was placed in the hands of attorneys for collection. Such evidence would sustain the amount of the judgment.

We conclude it should be affirmed.

*Affirmed.*