## WORLD EXPLORATION CO. v. HOERA–ROSENTHAL SAFE CO.

### No. 988.

Court of Civil Appeals of Texas. **Waco.**

Dec. 18, 1930.

Rehearing Denied Feb. 12, 1931.

Wm. R. Watkins, of Fort Worth, for plaintiff in error.

Alfred H. Eaton and J. R. Black, both of Fort Worth, for defendant in error.

BARCUS, J.

This suit was instituted by defendant in error against plaintiff in error to recover an alleged balance due on a $5,000 note. In March, 1927, the Bunker Printing Products Corporation purchased from defendant in error $5,108.53 worth of furniture and fixtures, for which it paid $108.53, in cash, and executed its note for $5,000, payable in monthly installments of $250, and bearing 6 per cent. interest. Said note provided that, if any payment was not paid when same became due, the holder thereof could declare all of the payments due, and, if same was placed in the hands of an attorney for collection, 15 per cent. additional would be paid on the principal and interest due as attorney's fees. The first two payments, falling due in May and June, were not paid, and defendant in error declared the entire note due, and placed same in the hands of its attorney for collection. The attorney notified the Bunker Printing Products Corporation that the note was in his hands for collection, and demanded payment for the full amount of the note, both principal, interest and attorney's fees. The Bunker Printing Products Corporation took up with defendant in error the question of paying said indebtedness, and was told that the matter was then in the hands of its attorney, and said attorney was called into the negotiations. The parties agreed that the Bunker Printing Products Corporation could begin with July 10, 1927, and make monthly payments of $250 and interest until the debt was paid, it being definitely stated at said time to Bunker Printing Products Corporation that the note was in the hands of the attorney for collection, and that the attorney was demanding his fees. The payments were made monthly until July, 1928, when the Bunker Printing Products Corporation sold the furniture and fixtures to plaintiff in error, who assumed the unpaid portion of said note, and the Bunker Printing Products Corporation notified defendant in error of said fact. In August, 1928, the attorney for defendant in error wrote plaintiff in error that the note had been placed in his hands for collection, and that there was 15 per cent. attorney's fees due on the entire note. Plaintiff in error continued to make the monthly payments on said note until the twentieth payment became due, at which time it offered to pay same in full satisfaction of the amount due on the note, which defendant in error refused to accept, unless the attorney's fees were paid. The parties having failed to agree on the amount of attorney's fees, this suit was

instituted to recover the balance of the principal due on said note and 15 per cent. attorney's fees on the entire $5,000 note.

The cause was tried to the court, and it found that $500 was a reasonable attorney's fee, and entered judgment for the unpaid principal and said attorney's fee. The sole complaint of plaintiff in error relates to the attorney's fees. It presents two propositions: First, that defendant in error, having agreed to permit the Bunker Printing Products Corporation to begin making monthly payments on the note in July, 1927, thereby waived the default it had made in failing to make the payments in May and June, and waived its right to demand attorney's fees on the entire note. Second, it contends that, if any attorney's fees are due, $500 is an unreasonable amount.

The rule in this state now seems to be well settled that the attorney's fees provided for in a note are to indemnify the payee or the holder thereof for the expense which he may incur by default of the maker in the payment thereof, but the holder or payee of the note is entitled to collect the amount specifically named therein as attorney's fees upon the happening of the contingency named, unless the maker alleges and proves a defense thereto. Ehlinger v. Clark, 117 Tex. 547, 8 S.W.(2d) 666; Amuny v. Seaboard Bank & Trust Co. (Tex. Com. App.) 23 S.W. (2d) 287; 6 Tex. Jur. 1024, pars. 327, 328. Whether the payee in a note, after placing same in the hands of its attorney, could, without the consent of the attorney, waive the attorney's fees, is not necessary for us to, and we do not, determine. In this case it appears that, when the payor of the note failed to make the first two payments, the payee exercised its right and declared same due, and placed the note in the hands of its attorney for collection, and, when the new arrangement was made whereby the payor began making monthly payments beginning in July, it was specifically told that the attorney's fees were due and that the attorney was demanding payment thereof. There is no contention that the attorney himself at any time waived his attorney's fees or agreed to take less than $500 therefor. The mere fact that, after a note has been placed in the hands of an attorney for collection, the holder thereof agrees for the payor to pay same in partial payments, would not be a waiver of his right to demand payment of the attorney's fees, neither would it be a waiver of the right of the attorney to demand the payment of the attorney's fees provided for in the note. In Kendall v. Page, 83 Tex. 131, 18 S. W. 333, it was held that the attorney's fees can be collected on the full amount of the note, although part of it was paid after same was placed in the hands of the attorney for collection, but before suit was actually filed thereon. The entire note in controversy having been declared due and placed in the hands of an attorney for collection, the payment thereafter made did not defeat the right of the holder to collect reasonable attorney's fees for the collection of the entire note.

Plaintiff in error's contention that the $500 attorney's fees allowed by the court are unreasonable is, we think, without merit. The attorney testified fully and in detail what he did in the premises. He was diligent in making the collection, and his efforts caused the note to be paid. He kept the note from the time it was given him in 1927 until this suit was filed. The fact that the payor was given the opportunity to pay same in monthly installments would not, in the absence of a special agreement, cancel the attorney's fees. Under the pleadings and evidence, it became an issue of fact to be determined by the trial court as to the reasonableness of the attorney's fees provided for in the note. We think the evidence is sufficient to sustain the finding of the trial court that $500 was a reasonable attorney's fee.

We overrule the two propositions made by plaintiff in error, and affirm the judgment of the trial court.