15829

ETIWAN FERTILIZER CO. v. JOHNS *ET AL.*

(38 S. E. (2d), 387)

See, also, 202 S. C., 29, 24 S. E. (2d), 74.

*Messrs. J. Wesley Crum,* of Denmark, and *Legge & Gibbs,* of Charleston, for appellant,

*Mr. Thomas M. Boulware,* of Allendale, for respondents,

April 12, 1946.

MR. ASSOCIATE JUSTICE TAYLOR delivered the Opinion of the Court.

This action, commenced by the service of a Summons and Complaint on June 10, 1938, was one upon a past-due note, given for the payment of fertilizer purchased by the payor from the payee, and was between the original payee and payor and the latter's endorser.

The amount stated in the note was $10,899.20 with interest at 7% per annum from May 15, 1937, until paid together with 10% attorneys' fees in case of suit or collection by attorney. The plaintiff alleged the aforementioned amount as being due, less a credit of $1,307.90 as of May 15, 1937, "representing agent's compensation and discounts" and further additional credits totaling $3,500.00.

The plaintiff asked for judgment for the balance due plus interest and attorneys' commission.

Between the time the action was commenced and the answer was filed and the trial in 1944, the defendants secured several extensions of time for answering and in the interval made payments aggregating $5,600.00.

By their amended Answer the defendants alleged that the amount of principal set forth in the note was incorrect and there was a failure of consideration for a portion thereof, that the defendants were entitled to a further credit upon the principal by reason of "the price equalization trade custom" and by virtue of the latter set up overpayment and counterclaimed for that and usurious interest claimed to have been paid.

The plaintiff reserving its right to move to strike all or part of the answer or counterclaim replied, in substance setting up a general denial and estoppel.

The matter was tried before a jury at the fall term of Court in 1944, and the jury found for the defendants but awarded them no money verdict and while both the plaintiff and defendants took exceptions to the verdict the plaintiff is the real appellant.

While, it will be seen, there are conflicts in the portions of the pleadings above referred to, it appears from the agreed statement that certain allegations of fact are admitted by the pleadings. There is no dispute as to the date and amount of payments totaling $3,500.00 before suit brought and $5,600.00 after suit brought, there is no dispute as to the amount of fertilizer purchased or that it was all received before the note was executed and delivered.

By way of proof of the partial failure of consideration for the execution of the note, the defendants alleged a prior and contemporaneous contract, partly oral and partly written, the sum and substance of which was that the defendants were entitled to a greater credit by way of agents' commissions and discounts than that allowed by the plaintiff, *i. e.*, $1,307.90.

The defendants further allege that because of "the price equalization trade custom" they are entitled to an additional credit against the principal amount set out in the note.

There is a great deal of difference in offering evidence, either oral or written or partly oral and partly written, to change the mode of payment or the amount of payment expressed in the written instrument and in offering evidence in support of a credit or counterclaim as offsetting the obligation of the instrument; yet the distinction between the two may be difficult to draw. The difference lies in that in the first instance the parties have expressly dealt with those matters in the instrument itself and any testimony offered to vary the terms would be inadmissible, while in the later instance it would be a separate transaction and therefore valid. Moreover, the doctrine of set off is more flexible and would seem to be particularly appropriate of application in the instant case where a credit for agents' commissions and discounts is admitted by the plaintiff but a greater amount is claimed by the defendants.

As early as the case of *Barnes v. Shelton,* 16 S. C. L., 33 (Harper's Law), the right of set off was approved and distinguished from evidence adduced to alter the note. There the set off was allowed on the theory that it would have supported an action for the amount claimed.

This is not a case along the line that there was an entire failure of consideration or that the execution and delivery was conditional or that the instrument was given for a special purpose, nor are there allegations of fraud, accident, mistake or illegality of consideration.

The writing sued upon evidences the promise to pay a certain sum absolutely and in all events. There is one contract in the note definite and clear. There is another contract set up in the plea entirely different from that which the note evidences, it seems this is a patent effort to vary the terms of a written contract. On this proposition, the law in this state is clear and was aptly expressed in the case of *Gunter, Inc., v. Hindman,* 179 S. E., 494, 175 S. C., 436, citing *Gladden v. Keistler,* 141 S. C., 524, 140 S. E., 161, 167, quoting from *McDowell v. Beckley,* 2 Mill. Const., 265, as follows:

"It is not only a sound and salutary rule of law, but it is equally a law of common sense, that written contracts should not be controlled by oral testimony. The various conceptions of different minds on the same subject, the liability of all persons to forgetfulness, the influence of passion, prejudice and interest, renders unwritten contracts at all times uncertain. But *litera scripta manet*. It cannot change with times or circumstances; and when a contract is reduced to writing, the law presumes that the writing contains the whole agreement."

The defendants properly were allowed to offer testimony along the lines of their defense that the admitted credit of $1,307.90 "representing agents' commissions and discounts" did not correctly state the true amount. The defendants were allowed improperly to offer testimony on the other defense that they were entitled to vary the amount set forth in the note by way of the "price equalization trade custom."

The claim for usury was properly disallowed among other reasons being that the law will not presume an improper application of payments so that a usurious payment of interest will result after action brought.

The claim for attorneys' fees was certainly a valid one, the action was brought, held in abeyance, partial payments collected then tried and appealed. At every step plaintiff's attorney has been resisted in his efforts to enforce collection, and is entitled to such attorneys' fee upon moneys collected by him as is stipulated in the note provided such fee is not found to be excessive and does not exceed the amount provided in the note. *Martin v. Traxler Real Estate Co.,* 139 S. E., 165, 140 S. C., 505. See C. J. S., Vol. 11, Paragraph 726, Bills and Notes.

Admittedly this case has given the court a great deal of concern and so much of its holding as related to the allowance of evidence for the purpose of establishing the additional offset, if any, for the agents commissions and discounts and disallows the evidence for varying the terms of the note by way of price equalization and trade custom is bottomed upon the facts of this case.

The matter is remanded for the purpose of the lower court passing upon the question of the commissions and discounts, as set up in the first defense of the answer and for the determination of such attorneys' fees due plaintiff's attorneys as are heretofore indicated.

MESSRS. CHIEF JUSTICE BAKER and ACTING ASSOCIATE JUSTICES STUKES and OXNER concur. MR. ASSOCIATE JUSTICE FISHBURNE did not participate.