**MIDROSE FOODS, INC., Plaintiff-Appellee,**

v.

**Victor J. ROMAN et al., Defendants-Appellants.**

**No. 71–1033.**

United States Court of Appeals,
First Circuit.

Heard Nov. 15, 1971.

Decided Jan. 4, 1972.

Hector M. Laffitte, Hato Rey, P. R., for defendants-appellants.

Harry E. Woods, Santurce, P. R., with whom Baker & Woods, Santurce, P. R., was on brief, for plaintiff-appellee.

Before COFFIN, Circuit Judge, VAN OOSTERHOUT *, Senior Circuit Judge, and STEPHENSON *, Circuit Judge.

STEPHENSON, Circuit Judge.

This is a diversity action in which defendants appeal from a judgment in favor of plaintiff appellee in the sum of $27,000 plus interest, costs, and attorney fees in the amount of $5,500, the latter being awarded for "obstinacy" under the local Puerto Rico statute.[1] Appellants urge reversal for the reason that plaintiff allegedly failed to give notice of dishonor to defendants on twenty-one (21) of the twenty-seven (27) $1,000 notes which were unpaid and the basis of this litigation. Appellants further attack the interest and attorney fee award. A brief résumé of the facts will be helpful.

Appellants [2] were the sole stockholders and officers of Antilles Egg Corporation which was in debt to plaintiff in the sum of $38,000. In order to avoid litigation the corporation, under date of May 26, 1966, executed 38 notes in favor of appellee, each in the amount of $1,000 payable monthly on the 26th day of each consecutive month, commencing June 26, 1966 until fully paid. The trial court found each of the appellants liable as endorsers [3] of said notes. Appellants' initial contention on this appeal that this cause should be reversed because the record fails to show that notice of dishonor was given on 21 of the notes, is so devoid of merit that it requires little comment. The record is clear that at the commencement of the trial, prior to the taking of testimony, counsel for the appellants stated to the Court that the sole issue in dispute was whether appellants endorsed the notes in question in their personal capacity. Having made that concession below, appellants cannot now for the first time complain because appellee did not offer into evidence the documents establishing that notice of dishonor was properly given.[4]

The trial court awarded appellee interest on the $27,000 at the rate of 6% per annum computed from May 26, 1966, the date the notes were executed. Appellants urge that since the notes lacked an acceleration clause they were not due and payable until the dates indicated on the notes and that interest should accrue only from the due date specified in each note. We agree. Appellee, in its original complaint filed on November 7, 1967, sought judgment on the 6 notes then past due acknowledging that " * * * the aforesaid notes are a part of a series, the due dates of some which have not yet come to pass * * *." On January 23, 1970, appellee moved to supplement the complaint alleging " * * * that all of the said notes are now due and payable * * *." We are satisfied from an examination of the notes in question and the entire record herein that the notes were not due until the dates specified in each of said notes, and, since the rate of interest was not stipulated, the amount thereof should be the legal rate of 6 per-

---

* Of the Eighth Circuit, sitting by designation.

1. "Attorney's fees. Where a party has been obstinate, the court shall in its judgment impose on such person the payment of a sum of attorney's fees." Puerto Rican Rules of Civil Procedure 44.4(d).

2. One of the appellants became deceased and his estate was substituted in these proceedings.

3. Although contested below, appellants do not now contest the district court's finding that the endorsements by appellants were without qualification and were issued in their personal capacity.

4. Appellee points out in its brief that after appellants' concession that the only issue before the trial court was the issue of personal indorsement, appellee's counsel separated from the 27 notes prior to their introduction into evidence, each of the 27 notices of presentment, dishonor and protest given appellants via registered mail.

cent per annum, to commence from the due date of each note. See Title 31 L. P.R.A. § 3025.

 It is our view that the award of $5,500 attorney fees for obstinacy, while rather generous, should not be disturbed. We are satisfied that the trial court's finding of obstinacy as to appellants Victor J. Roman and Florencio Roman is amply supported by the record. The docket entries extending over a three-year period indicate that considerable time was spent in the pretrial proceedings. We cannot say the trial court abused its discretion in making the allowance herein. See Pan American World Airways, Inc. v. Ramos, 357 F.2d 341 (CA1 1966).

Affirmed, except as to the amount of interest which is remanded for determination in accordance herewith.