**AMERICAN CYANAMID COMPANY, Plaintiff,**

v.

**Ralph A. PAGE, Defendant.**

**Civ. A. No. 74–1594.**

United States District Court,
D. South Carolina,
Columbia Division.

Feb. 11, 1975.

Ackerman, Butler & Woodard, Walterboro, S. C., for plaintiff.

Defendant was not represented.

ORDER

HEMPHILL, District Judge.

Motion of plaintiff's counsel for attorneys' fees demands the attention of, and has invited considerable research by, this court. On October 30, 1974, plaintiff exhibited in this court its Complaint seeking money recovery under a note apparently dated March 21, 1973, in the principal amount of $32,360.72. The note was a demand note and provided for interest from date at the rate of 8% per annum; defendant maker agreed to pay all costs of collection, including attorneys' fees reasonably incurred by the holder because of the default of the maker. Defendant did not answer or otherwise plead, and on January 16, 1975, plaintiff's counsel asked default, supporting his motion for default by an affidavit of his own that there had been no response to the Complaint, and an affidavit of the amount due from the Assistant General Credit Manager of the company. The Clerk duly entered default on January 17, 1975, in the

principal sum of $36,027.19, plus interest of $480.36, together with costs in the amount of $23.52. The present motion was filed January 30, 1975.

When this routine matter came to its attention, the court asked support personnel to contact counsel and request that the basis of the attorneys' fees requested be explained by plaintiff's counsel. The sum requested was $5,476.-13, or 15% of the amount due. On February 5, 1975, counsel posted a letter to this court, the main text of which reads as follows:

> The judgment in question is in the amount of $36,531.07. We are asking for attorney's fees based upon the terms of the note, which is the basis of our Complaint. The note calls for attorney's fees reasonably incurred by the holder because of default of the maker. We requested fifteen (15%) percent because this is the figure that we have customarily encountered in state courts. Our actual fee upon total collection would be $5,567.39 This is the actual fee basis existent in this particular file. We have asked for attorney's fees only in the amount of $5,476.13, which is somewhat less than the actual fee (Judgment amount of $36,536.07 less Marshal's costs of $23.52 × 15% = $5,476.13).

There was no effort on the part of plaintiff's counsel to advise the court as to the number of hours spent, any costs involved, any absences from the office, any telephone conversations, or any other efforts or professional services engaged in by plaintiff's counsel in the collection of the note. If the note had provided for a particular percentage or an amount as an attorneys' fee, this court would hesitate to vary the terms of that agreement, unless so excessive as to shock the conscience of the court. Here, however, the instrument sued on provides for reasonable attorney fees; the amount must be determined by the court, which is a heavy responsibility for the court. This determination usually depends on the facts of the particular case, the value of the services rendered, and the effectiveness of the attorney's pursuit. See World Exploration Company v. Hoera-Rosenthal Safe Co., 34 S.W.2d 703 (Tex.Civ.App.1930); Rinker v. Lauer, 13 Idaho 163, 88 P. 1057 (1907); 11 C.J.S. § 726e Bills and Notes.

Plaintiff's counsel cites Etiwan Fertilizer Company v. Johns, 208 S.C. 428, 38 S.E.2d 387 (1946) as authority for his request for 15 percent. A review of this case reveals that the court held that the claim for attorneys' fees was certainly a valid one, but did not specify the amount; the court did recite the fact that at every step of the litigation plaintiff's attorney had been resisted in his effort to enforce collection and therefore was entitled to such attorneys' fees as were stipulated in the note, but not to exceed the amount stated in the note. *Etiwan* cites Martin v. Traxler Real Estate Co., 140 S.C. 505, 139 S.E. 165 (1927), wherein the court found an allowance of $1,000.00 as attorneys' fees on an overdue note which was valued, both principal and interest, according to the master's calculation, at $17,872.18. The court recited that at every stage the plaintiff had been delayed and resisted in his efforts to collect money due him for the land he sold. The court propounded:

> Debtors brought into court, who evidence a desire not to hinder and delay their creditors, are entitled to a great consideration in the fixing of attorney's fees. On the other hand, debtors who oppose the legal efforts of their creditors to recover their honest dues should be required to pay higher attorney's fees, for the very excellent purposes of encouraging the payment of debts, and discouraging unnecessary litigation among our citizens.

The United States Fourth Circuit Court of Appeals has apparently never had the problem before it,

but other jurisdictions lend encouragement to this court's concern. In DuBreuil v. Stevenson, 369 F.2d 690 (5th Cir. 1966), the Fifth Circuit Court of Appeals, in declaring an attorney's fee of $7,000.00 excessive, on a judgment of $22,159.81, remanded the case to enable the district court to reconsider the amount awarded for attorney's fee. In Midrose Foods, Inc. v. Roman, 454 F.2d 1159 (1st Cir. 1972), the First Circuit allowed $5,500.00 fee in the collection of $27,000 plus interest and costs, the court noting that the attorneys' fees, although generous, were for obstinacy in extending the disposition of the case, and therefore were not excessive. In Electronics Capital Corporation v. Sheperd, 439 F.2d 693 (5th Cir. 1971), the court allowed a $10,000 attorney fee. Suit was brought to collect a debt from a guarantor of a note resulting in a judgment in the amount of $207,219.13. The court stated:

> Actual time spent in obtaining the judgment is not the only factor to be considered in fixing attorneys' fees in cases of this nature. The amount involved, the difficulty of collection, the value of the services rendered to the client and other elements may be considered.

The responsibility of the district court in matters of this kind is emphasized in Ford Motor Credit Company v. Bob Jones Enterprises, Inc., 240 F.Supp. 667, 668 (D.Col.1965), when the court noted.

> Although the instrument provides for the payment of attorneys' fees amounting to fifteen per cent. of the balance, the Court is not disposed to award this sum, or any other amount for lawyers' fees since it does not appear that this amount was either incurred or paid for attorneys' fees. It is well settled in Colorado at least, that

lawyers' fees are awarded only upon an indemnity basis, thus agreements to pay the same are not enforced without proof that such fees were paid or incurred.

The Supreme Court of our sister State of Virginia, in Richardson v. Breedin, 167 Va. 30, 187 S.E. 454 (1936), held that a holder of a note which provides for the fixing of an attorneys' fee is entitled to recover such reasonable attorney's fee as may be incurred by him, not exceeding the amount specified by the contract or note. Citing Conway v. American National Bank, 146 Va. 357, 364, 131 S.E. 803 (1926).

■ Applying these general principles, the court has examined the record in this case, and it does not appear that the Complaint was difficult to draw, the other pleadings or discovery difficult to assemble, or the default contested in any way. There is no evidence as to the number of hours supposedly spent by plaintiff's attorneys in this litigation. Under the circumstances, this court finds $2,000.00 a reasonable amount to award for attorneys' fees in this case. The court feels that this amount is on the generous side.

■ The court's concern is not unwarranted. This court feels that the fact that the litigant sued did not repond does not vitiate the court's responsibility to do justice. The reasonableness of the attorneys' fees is a matter peculiarly within the responsibility of this court in this case. The integrity of the court's application must appear in every writing, whether the case be contested or default.

Plaintiff shall have judgment for attorneys' fees in the amount of $2000.00 in this case to be added to the amount awarded in the default judgment.

And it is so ordered.