### 21492

Larry W. PAUL, Respondent, v. David H. BOONE, Theodore E. Boone, Robert Earl Johnson, Mary H. Hendrix, Robert S. Bogle, Trustee, George T. Wood and Sons, Inc., Annex Furniture Galleries, J. B. Parsons, and Charles A. Royster, d/b/a Charlie's Furniture Salvage, Defendants, of whom David H. Boone, and Theodore E. Boone are Appellants.

(279 S. E. (2d) 608)

*H. Buck Cutts,* of *Law Offices of Dalton B. Floyd,* Surfside Beach, *for appellants.*

*W. T. Johnson, Jr.,* Conway, *for respondent.*

June 17, 1981.

GREGORY, Justice:

This appeal is from an order granting judgment and foreclosure of a real estate mortgage. We affirm.

Respondent Larry W. Paul was the assignee of a promissory note and mortgage calling for payments by appellants David H. and Theodore E. Boone of $725.00 per month. The note bore interest at the rate of eight percent (8%) per annum.

When appellants fell behind in their payments, the parties negotiated a new promissory note and mortgage calling for monthly payments of $600.00, with an annual interest rate of ten percent (10%).

Appellants fared no better under these terms, again defaulting on the monthly payments. Respondent then brought this action to foreclose. Appellants answered and counterclaimed that the note was usurious.

On reference to a master, experts for both parties presented conflicting opinions of the true interest rate and the balance due under the note. The master found the note patently ambiguous and that the parties intended an interest rate of ten percent. He further found the note, at that rate, was not usurious, and that the amount due thereunder was $72,276.48 as of July 5, 1978. The master recommended the property be sold.

The trial judge confirmed all of the above findings and accepted the master's recommendation. Appellants contend each of those findings is erroneous. We disagree.

There is ample evidence in the record to support the findings that the note was patently ambiguous, that the parties intended an interest rate of ten percent (10%), and of the balance due. Thus, the "two judge" rule of *Townes Associates, Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976), precludes our disturbing these findings of fact in this equity action.

The master and the trial judge both found the interest rate was not raised during the life of the original loan. See Section 8-10, 1962 Code of Laws of South Carolina (Cum. Supp., 1975), applicable here. Instead, they found the substituted note and mortgage a new and separate transaction. Since the interest called for by the second note did not exceed ten percent (10%), the note was not usurious. See Section 8-3, 1962 Code of Laws of South Carolina (Cum. Supp., 1975), applicable here. The evidence amply supports these findings, which we affirm under the *Townes* "two judge" equity rule as well.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.