## 21780

MBAFB FEDERAL CREDIT UNION, Respondent, v. John W. JENRETTE, Jr., Heritage Shores, Ltd., Lyndell Thompson, Christine Therrell, James R. Holbert, Jr., Myrtle Beach Lumber Company, Inc., Robert M. Grissom, and The Town of North Myrtle Beach, Appellants,

and

MBAFB FEDERAL CREDIT UNION, Respondent, v. John W. JENRETTE, Jr., Robert M. Grissom as County Tax Collector and The Town of North Myrtle Beach, Appellants. (two cases)

(294 S. E. (2d) 431)

*O. Grady Query* and *B. C. Killough,* Charleston, and *Edward I. Markendorff,* Columbia, *for appellants.*

*Jack T. Flom,* of *Marshall, Flom & Haar,* Myrtle Beach, *for respondent.*

*Asst. U. S. Atty. Wistar D. Stuckey,* Columbia, and *Leonard Schaitman* and *Bruce G. Forrest,* Washington, D. C., *in behalf of the Nat. Credit Union Admin., amicus curiae.*

Aug. 23, 1982.

LEWIS, Chief Justice:

Appeal is taken from a judgment of foreclosure entered upon a Master's Report which denied appellant's claim of usury. Both the trial judge and master-in-equity found the appellant's defense of usury to be without merit. We affirm.

The appellant was granted two substantial loans by the respondent credit union which loans he secured by the mortgages at issue. There is no dispute concerning appellant's default on the debt, but he asserts the defense of usury by way of counterclaim. In asserting usury, of course, appellant assumes the entire burden of proving that defense. *Jones v. Godwin,* 187 S. C. 510, 524, 198 S. E. 36; *Cohen v. Williams,* 164 S. C. 499, 502, 162 S. E. 758; 47 C. J. S. Interest and Usury, Section 227. This Court indulges no presumptions in such cases and on the contrary demands strict proof that a usurious rate was imposed. *Etiwan Fertilizer Co. v. Johns,* 208 S. C. 428, 38 S. E. (2d) 387; *Jones,* supra.

The rate of interest to be charged by the respondent is governed by the provisions of 12 U. S. C. 1757(5)(A). There is no suggestion upon the record of this appeal that either of the loan instruments was usurious on its face. At trial, the appellant relied upon the method of collection used by the respondent as the sole evidence of usury. He advanced three specific occasions when an allegedly excessive charge was posted. These instances were considered and rejected by both the master and trial judge, with ample evidence to sustain their conclusions. These findings are, therefore,

sustained. *Paul v. Boone*, 276 S. C. 452, 279 S. E. (2d) 608. We have, moreover, examined the entire record of these loans, a study made difficult by appellant's sporadic and casual method of payment. We find no evidence that appellant at any time paid unlawfully excessive interest.

The remaining issues raised by this appeal are without merit and are dismissed under Rule 23 of the Rules of Practice of the Supreme Court.

Judgement affirmed.

LITTLEJOHN and GREGORY, JJ., and JAMES E. MOORE, Acting Associate Justice, concur.

NESS, J., not participating.